## 25013.  NAPIER *et al. v.* JORDAN.

STEPHENS, J.  1. The defense of usury is a matter personal to the debtor, and, before the debtor has made such defense, his obligation to pay an indebtedness infected with usury is prima facie valid. Code of 1933, § 57-103. Therefore a creditor under a contract for an indebtedness infected with usury, where the debt is secured by a mortgage or security deed in which the creditor is given a power to sell the property for the payment of the balance due on the debt upon default of the debtor, commits no tortious act for the extortion of money not due, or by a libel upon the credit of the debtor, by advertising the property for sale, pursuant to the terms of the contract and the power of sale, for the payment of the entire balance due and contracted for, including the usury, notwithstanding the debtor may have paid to the creditor the entire amount for which the debtor, under a successful defense of usury, would be legally liable. The fact that after the creditor has advertised the property for sale for the payment of a usurious debt the debtor, in a bill in equity to enjoin the sale, sets up usury and shows that he has paid all that he was legally liable for, and obtains a judgment against the creditor for an

amount, which the debtor overpaid, does not so relate as to give any tortious character to the original act in advertising the property for sale.

2. The petition by the debtor against the creditor failed to set out a cause of action in tort, and the court erred in overruling the demurrer.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 7, 1936.

*Feagin & Feagin,* for plaintiffs in error.
*Smith & Smith,* contra.

