### 43166.  PHILLIPS v. BLANTON et al.

HALL, Judge.  In these automobile collision cases which were consolidated for trial, verdicts and judgments were rendered for the plaintiffs, a driver and a guest passenger in an automobile, against the defendant who was driving another automobile.  Among the plaintiffs' allegations of negligence were failure of the defendant to control her automobile, traveling too fast under existing conditions, failing to keep a proper lookout ahead, and failing to yield the right of way to the plaintiffs' vehicle when it had already entered the intersection in which the collision occurred.

The evidence offered by the parties was as a whole inconsistent and contradictory and made issues of fact as to negligence on the part of the defendant and of the plaintiff driver.  It did not demand a verdict for either party.  It was sufficient to authorize a finding that the defendant was negligent, and questions as to any negligence of the plaintiff driver that might prohibit or reduce the amount of the plaintiffs' recovery of damages, were matters within the province of the jury.  *Harris v. Cates,* 105 Ga. App. 178, 179 (123 SE2d 703); *Medlin v. Bickford,* 106 Ga. App. 859, 861 (128 SE2d 531); *Underwood v. Atlanta & W. P. R. Co.,* 106 Ga. App. 467, 469 (127 SE2d 318).

Therefore, the trial court did not err in overruling and denying the defendant's motions for directed verdicts and for judgments notwithstanding the verdicts.  But the trial court erred

in directing a verdict for the plaintiffs on the question of liability, and for this reason the judgment must be reversed and a new trial granted.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED NOVEMBER 6, 1967—DECIDED NOVEMBER 17, 1967—
REHEARING DENIED DECEMBER 1, 1967.

*Zorn & Royal, William A. Zorn,* for appellant.

*Albert E. Butler,* for appellees.