43438.   COLONIAL STORES, INC. v. TURNER.

ARGUED FEBRUARY 6, 1968—DECIDED FEBRUARY 27, 1968.

*Ross & Finch, William Marshall Weller, Claude R. Ross,* for appellant.

*B. Hugh Ansley,* for appellee.

HALL, Judge. Is there a genuine issue on the material fact as to whether the alleged dangerous condition had existed for a sufficient length of time so that knowledge of it would be imputed to the defendant? "The length of time which must exist to show that the defendant had an opportunity to discover the defect will vary with the circumstances of each case (nature of the business, size of the store, the number of customers, the nature of the dangerous condition, and its location). 65 CJS 547, 548, § 51." *Sharpton v. Great A. & P. Tea Co.,* 112 Ga. App. 283, 285 (145 SE2d 101).

The motion for summary judgment was filed by the defendant. "The burden is upon the moving party, and the party opposing the motion is given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442)." *Internat. Brotherhood v. Newman,* 116 Ga. App. 590, 592 (158 SE2d 298). The movant "has this burden even as to issues upon which the opposing party would have the trial burden. And the moving

party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence." 6 Moore's Federal Practice, (2d Ed.) 2853, § 56.23. "The trial court's function in ruling on a motion for summary judgment is analogous to the function he performs when ruling on a motion for directed verdict." *McCarty v. National Life &c. Ins. Co.*, 107 Ga. App. 178 (1) (129 SE2d 408). "As to certain issues the motion for summary judgment does, however, operate differently than the motion for directed verdict, since the party moving for summary judgment has the burden of establishing the lack of any triable issue of material fact, even as to issues upon which the opposing party would have the burden of proof at the trial." 6 Moore's Federal Practice (2d Ed.), 2855, § 56.23.

The evidence does not demand a finding that the applesauce had remained on the floor for only a few minutes. On the contrary, a jury could find that it had remained there for as long as thirty minutes. As argued by the defendant, the law does not require a proprietor to patrol the floor constantly when there are no conditions making the premises unusually dangerous. *Angel v. Varsity, Inc.*, 113 Ga. App. 507, 508 (148 SE2d 451); *Stanton v. Grubb*, 114 Ga. App. 350 (151 SE2d 237). Whether or not an inspection at 30-minute intervals amounted to the exercise of ordinary care by the defendant depends upon the totality of the circumstances, evidence of which is lacking in the present state of the record.

The evidence did not demand a finding that the plaintiff's fall was caused by her failure to exercise ordinary care for her own safety. Questions as to negligence of the plaintiff that would prohibit or reduce the amount of recovery are matters within the province of the jury. *Chotas v. J. P. Allen & Co.*, 113 Ga. App. 731 (149 SE2d 527); *Phillips v. Blanton*, 116 Ga. App. 743 (159 SE2d 187).

The trial court did not err in denying the defendant's motion for summary judgment.

*Judgment affirmed. Bell, P. J., and Quillian, J., concur.*