44342. DeKALB COUNTY v. WHITE, By Next Friend.

HALL, Judge. The defendant appeals from a judgment overruling its motion for summary judgment, the order containing a certificate by the trial judge that it shall be subject to review by direct appeal.

There was evidence before the trial court that the plaintiff, standing in one of the stalls at the county incinerator unloading lumber from a pick-up truck into the pit, was knocked into the pit by the rear door of the defendant's truck, from which garbage had been unloaded into the pit from the adjacent stall, when the truck was moved and its rear door swung, describing an arc into the stall where the plaintiff was standing in a normal place to do his work. There was evidence that the driver before moving the defendant's truck looked in its mirror and could see no one, and a photograph was presented with the driver's affidavit stating that it was physically impossible for a person to be knocked into the pit while standing in any position other than that of the person shown in the photograph. There was other evidence that the plaintiff was not standing in the same place as the person shown in the photograph, and that while the plaintiff was standing in a different place he was knocked into the pit. This evidence alone presents issues of fact which required the court to overrule the defendant's motion for summary judgment.

The evidence did not demand a finding, as contended by the defendant, that the plaintiff was guilty of negligence sufficient to bar his recovery as a matter of law. "Questions as to negligence of the plaintiff that would prohibit or reduce the amount of recovery are matters within the province of the jury. *Chotas v. J. P. Allen & Co.*, 113 Ga. App. 731 (149 SE2d 527); *Phillips v. Blanton*, 116 Ga. App. 743 (159 SE2d 187)." *Colonial Stores, Inc. v. Turner*, 117 Ga. App. 331, 334 (160 SE2d 672); *Colonial Stores, Inc. v. Donovan*, 115 Ga. App. 330 (4) (154 SE2d 659).

The trial court did not err in overruling defendant's motion for summary judgment.

*Judgment affirmed. Jordan, P. J., and Whitman, J., concur.*

ARGUED MARCH 5, 1969—DECIDED JUNE 20, 1969.

*Dunaway, Shelfer, Haas & Newberry, William S. Shelfer, Sr., William S. Shelfer, Jr.,* for appellant.

*Long & Siefferman, Floyd E. Siefferman,* for appellee.