## 50259. JAFFE v. DAVIS.

PANNELL, Presiding Judge.

Peggy Davis leased an apartment from Bernard Jaffe who was one of the partners doing business as Hickory Lake Associates. This lease provided: Paragraph 3 ". . . Lessor shall not be liable for any damages arising out of the making of any such repairs, or the failure to make the same, nor for any damage whatever to the person or property of the Lessee, the members of his family, agents, guests, employees, or other persons in and upon said premises, or in and about said building at any time, however caused, whether through the negligence or carelessness of any employee of the Lessor or otherwise. Par. 6 "All personal property placed in the leased

premises or in any other portion of said building or any place appurtenant thereto, shall be at the sole risk of the Lessee or the parties owning the same, and the Lessor shall in no event be liable for the loss, destruction, theft of or damage to such property."

Peggy Davis also leased from Aaron Rents, Inc. certain household furniture under a lease which provided: "The owner, landlord, resident manager, and any other person with access to any premises where any of the property listed on this contract or on any amendment, each is hereby expressly authorized and directed to permit Aaron Rents, Inc., or any of its agents to gain access to such premises to repossess and remove all or any portion of the said property from the said premises at any time a representation is made that Aaron Rents, Inc. is entitled to possession of said property. Each such person is hereby released from any possible responsibility or liability for cooperating with Aaron Rents, Inc., in this regard." At the time of the occasion in question Peggy Davis was in arrears in her payments on the furniture lease. She returned from a trip and found the furniture in her apartment gone, her belongings scattered about the apartment and certain jewelry missing. She brought an action against Jaffe and Aaron Rents, Inc., alleging that the articles of jewelry "were taken by the defendants' agents at the time they were acting in the scope of their employment for the defendants" and sought payment for the alleged value of the jewelry ($660), and for the alleged "willful, illegal and malicious entry into plaintiff's apartment, which resulted in the above enumerated losses to plaintiff, that she is entitled to punitive damages in the amount of $10,000 and reasonable attorney fees in the amount of $750." By amendment, she alleged that Aaron Rents, Inc., and Jaffe were partners, doing business as Hickory Lake Associates. Defendant Jaffe's motion for summary judgment was overruled and he appealed. *Held:*

While provisions in rental contracts absolving landlords of liability for damages resulting from simple negligence have been upheld as not contravening public policy (see, *King v. Smith,* 47 Ga. App. 360, 364 (2) (170 SE 546); *Capital Wall Paper Co. v. Callan Court Co.,* 38

Ga. App. 428 (144 SE 135); *Plaza Hotel Co. v. Fine Products Corp.,* 87 Ga. App. 460 (74 SE2d 372)) such provisions in a lease contract will not release landlords from acts or omissions which are either wilful in nature or so reckless or so charged with indifference to consequences as to evidence a wantonness equivalent to an actual intent. See, *Brady v. Glosson,* 87 Ga. App. 476, 480 (74 SE2d 253); *Sinclair Refining Co. v. Reid,* 60 Ga. App. 119, 122 (3 SE2d 121). The provisions of the apartment lease relieving the landlord from liability for injuries to personal property, together with the provisions of the furniture lease granting the landlord permission to permit the furniture lessor to enter the premises are the primary basis of Jaffe's contention he is not liable to plaintiff, together with the testimony of the plaintiff, in her deposition taken by the defendant, which does not disclose the circumstances surrounding the taking of her furniture or her jewels. The answers to request for admission and answers to interrogatories disclose that Aaron Rents, Inc., repossessed the furniture by using the services of three named individuals referred to as "independent contractors." What the defendant Jaffe overlooks is the fact that the burden here is on him to produce evidence that his agents acting within the scope of their employment did not take the jewels, or that they were not acting within the scope of their employment if they did, in order to pierce the plaintiff's pleadings and require the plaintiff to produce proof his agents *did take* the jewels, and were acting within the scope of their employment when they did. Neither Jaffe nor any of his agents offered any testimony in this area, neither did the three "independent contractors" of Aaron Rents, Inc. There is no evidence as to how Aaron Rents, Inc., through its agents, got into the apartment and no proof Jaffe or his agents did not let them in. There is no evidence that Jaffe or any of his agents or employees entered the premises or took the jewels, neither is there any evidence that they did not. Even should we assume that the evidence demands a finding that Aaron Rents, Inc., and its agents repossessed the furniture and that from this it may be inferred its agents may have taken the jewels, this does not demand a finding that Jaffe or his agents *did not* take the jewels;

they being the ones who may have and probably did admit the furniture repossessors into the apartment, and who, except for the plaintiff, had the only keys to plaintiff's apartment. The defendant failed completely in carrying the burden placed upon a movant for summary judgment, particularly a movant on whom the burden of proof at the trial does not lie.

"On motion for directed verdict the party resisting the motion, i. e., the plaintiff, has had to and has presented his evidence, which is then scrutinized by the motion. On motion for summary judgment by a defendant on the ground that plaintiff has no valid claim, the defendant, as a moving party, has the burden of producing evidence, of the necessary certitude, which negatives the opposing party's (plaintiff's) claim. This is true because the burden to show there is no genuine issue of material fact rests on the party moving for summary judgment, whether he or his opponent would at trial have the burden of proof on the issue concerned; and rests on him whether he is by it required to show the existence or non-existence of facts." *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551, 552 (181 SE2d 866); *Burnette Ford, Inc. v. Hayes,* 124 Ga. App. 65 (183 SE2d 78). "The defendant, having made the motion for summary judgment, must produce evidence which conclusively negates at least one essential element entitling plaintiff to a recovery under every theory fairly drawn from the pleadings and the evidence. . . The grant of a summary judgment may be improper where, at the trial, the grant of a directed verdict may be proper, when the party making the motion for summary judgment is not required to carry the burden on the trial of the case." *Werbin & Tenenbaum v. Heard,* 121 Ga. App. 147 (2, 3) (173 SE2d 114). See also, *Central of Ga. R. Co. v. Woolfolk Chemical Works,* 122 Ga. App. 789, 795 (178 SE2d 710); *Colonial Stores v. Turner,* 117 Ga. App. 331, 333 (160 SE2d 672); *Lanier v. Krzywicki,* 118 Ga. App. 54, 55 (162 SE2d 839); *Sanfrantello v. Sears, Roebuck & Co.,* 118 Ga. App. 205, 206 (163 SE2d 256); *Herrington v. Stone Mountain Memorial Assn.,* 119 Ga. App. 658, 661 (116 SE2d 633); *Whisenhunt v. Allen Parker Co.,* 119 Ga. App. 813, 819 (168 SE2d 827); *Wood v. Brunswick Pulp &c. Co.,* 119 Ga. App. 880 (169 SE2d 403); *D. H. Overmyer Co. v.*

*Joe Summers Roofing Co.,* 120 Ga. App. 188, 189 (169 SE2d 821); *M. R. Thomason &c. Inc. v. Wilson,* 125 Ga. App. 658, 662 (188 SE2d 805); *Morrow v. Thomason,* 127 Ga. App. 309 (193 SE2d 256); *Shadix v. Dowdney,* 117 Ga. App. 720 (162 SE2d 245).

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED FEBRUARY 4, 1975 — DECIDED APRIL 28, 1975.

*Neely, Freeman & Hawkins, William G. Tabb, III,* for appellant.

*Spence & Knighton, Judson R. Knighton,* for appellee.