52852, 52853. ROME BANK & TRUST COMPANY v. KERCE; and vice versa.

MARSHALL, Judge.

Appellant Rome Bank & Trust Company (hereinafter, Rome Bank) brings this appeal in case no. 52852 from the denial of its motion to dismiss the complaint of Kerce. Inasmuch as the trial court heard evidence on the motion, the motion to dismiss has been treated by the parties and the trial court as a summary judgment. Rome Bank obtained a certificate of immediate review from the trial court and this court granted Rome Bank's motion for an interlocutory appeal.

In his complaint, as amended, Kerce sought an injunction, the cancellation of a note of indebtedness, damages, and vindictive damages. The trial court granted Rome Bank's motion to dismiss the count calling for an injunction and the count calling for damages. The court denied the motion to dismiss the count on vindictive damages and the motion to dismiss the entire cause of

action for failure to state a claim. In case no. 52853, Kerce brings a cross appeal based upon the trial court's grant of Rome Bank's motion to dismiss the count seeking an injunction.

The genesis of this lawsuit involves a convoluted set of facts. In 1971, Kerce commenced his business dealings with Rome Bank. Kerce was, or became, involved in a used car business. He obtained a line of credit known as a floor plan from Rome Bank. The original agreement was that Rome Bank would extend a line of credit to Kerce up to $15,000. Against that credit, Kerce would purchase a used auto. He would sign a note for the purchase amount and deliver that to Rome Bank, along with the title of the car. Rome Bank would make that amount available in Kerce's bank account for payment to the seller. Thereafter, when Kerce sold the car, he would redeem the note. This arrangement continued until the spring of 1974. As security for the $15,000 line of credit, Kerce gave a security deed upon his personal residence. That deed provided that the security was for the $15,000 line of credit and any other indebtedness entered into between Kerce and Rome Bank.

By April, 1974, Kerce had significantly exceeded the $15,000 line of credit and many of the demand notes on unsold automobiles were in default. Each of these notes was secured under the "open end clause" of the 1971 security deed. After discussions between Kerce and Rome Bank, Kerce executed a consolidated demand note covering all the defaulted demand notes on April 8, 1974, in the amount of $35,056.84. This note also was secured by the open end clause of the 1971 security deed.

A week later, on April 15, 1974, Kerce executed another note. This note was a $20,000 installment note. Its purpose was to renew certain personal indebtednesses of Kerce and his wife, to pay off a first mortgage on Kerce's home, and effected a $7,024.46 reduction in the $35,056.84 demand note. This $20,000 note also contained an open end clause. It is uncontested that Kerce has maintained that note in a current status. As security for the $20,000 note, Kerce gave a deed to his home, the same home that secured the demand notes.

Subsequent to the execution of the $20,000 in-

stallment note, Kerce executed at least two additional demand notes for the purchase of automobiles for resale in his used car business. It is not in dispute that these notes are in default. Evidence was also introduced that Kerce continued to make payments toward the reduction and satisfaction of the $35,056.84 demand note after the $20,000 installment note was executed.

Eventually Kerce notified the Rome Bank that he could no longer continue his business nor sell all his cars. He voluntarily surrendered the remaining cars to the Rome Bank who sold the used cars and applied the proceeds to the existing demand notes. Rome Bank's evidence shows that following application of the sale proceeds, Kerce was still indebted on the $35,056.84 demand note in the amount of $7,364.27 and indebted on the $20,000 installment note in the amount of $19,396.19. Rome Bank relied upon the open end clause of the 1971 security deed and the same clause in the $20,000 installment note to demand payment of the entire indebtedness. On April 24, 1975, a letter of demand for the entire indebtedness was sent to and received by Kerce. When Kerce did not make payment as demanded, Rome Bank instituted foreclosure proceedings as authorized by the security deeds. It advertised as required by law that Kerce was in default upon a $15,000 note, one of $35,056.84, and one of $20,000. The advertisement was run for four occasions as required by appropriate statute. At that point, Kerce brought this action seeking to enjoin the foreclosure on his home, to have the $35,056.84 note canceled as having been satisfied by the $20,000 note by way of a novation, and damages for libel in that the legal advertisement falsely and wrongfully indicated that he was indebted on a $15,000 note that never existed, a $35,000 note that was extinguished by a novation and a $20,000 note that was not in default in that all installment payments were current.

At the hearing on Rome Bank's motion to dismiss, witnesses for Rome Bank testified to facts substantially as presented above. Kerce did not appear personally nor did he present evidence to controvert that presented by Rome Bank. Kerce relied upon his pleadings and the evidence submitted at the hearing on the motion. *Held:*

1. In its ruling on the denial of Rome Bank's motion to dismiss Kerce's complaint, it appears the trial court concluded that there existed a question of fact as to whether the $20,000 note worked a novation as to the $35,000 note and whether the advertising was so inaccurate as to authorize vindictive damages for malicious libel. We disagree.

In his complaint, Kerce alleged that he was not in default upon any of the three notes listed in the foreclosure publication and that the publication thereof was a malicious libel. This clearly stated a cause of action. However, by agreement, the motion to dismiss the complaint for failure to state a claim of action was converted to a motion for summary judgment.

While the burden may be on the complainant upon the trial of the case to prove all the necessary elements of his cause of action, such burden does not rest upon the plaintiff on a motion for summary judgment by the defendant. There is no duty upon the plaintiff to produce evidence upon the motion for summary judgment by the defendant, until the defendant's evidence pierces the plaintiff's pleadings and demands a finding in defendant's favor on the particular issue of fact made by the pleadings. To satisfy the moving party's burden, the evidentiary material before the court, if taken as true, must establish the absence of any genuine issue of material fact, and it must appear that there is no real question as to the credibility of the evidentiary material, so that it is to be taken as true. If the nonexistence of any genuine issue of material fact is established by such credible evidence that on the facts and the law the movant is entitled to judgment as a matter of law, the motion should be granted, unless the opposing party has shown good reason why he is at the time of the hearing unable to present facts in opposition to the motion. If, however, the papers before the court disclose a real issue of credibility or, apart from credibility, fail to establish clearly that there is no genuine issue as to any material fact, the motion must be denied. 6 Moore's Federal Practice § 56.15[3], p. 56-463. *Durrett v. Tunno,* 113 Ga. App. 839 (149 SE2d 826); *Morrow v. Thomason,* 127 Ga. App. 309 (193 SE2d 256); *Southern Bell Tel. & Tel. Co. v. Beaver,* 120 Ga. App. 420

(4) (170 SE2d 737); *Central of Ga. R. Co. v. Woolfolk Chemical Works,* 122 Ga. App. 789, 795 (178 SE2d 710).

In this case Rome Bank presented uncontroverted evidence that Kerce executed an open ended security deed and promissory note. Rome Bank also presented uncontroverted evidence that Kerce was in default on several demand notes. Rome Bank presented documentary evidence that it had the right to declare all Kerce's indebtednesses due if he became in default on any indebtedness. That privilege was exercised. Kerce admitted some indebtedness and did not deny that he had signed the documents with the open end clauses. Under this state of facts, it made no difference whether a novation existed or not for, in any event, once an indebtedness was established, Rome Bank had the right to declare the entire indebtedness due. *Bower v. Certain-Teed Products Corp.,* 216 Ga. 646, 649 (119 SE2d 5). In point of fact, the evidence offered by Rome Bank shows that the $35,000 demand note was a different indebtedness than the $20,000 installment note.

As to Kerce's allegation of libel, the simple answer to this allegation is that where the debt was secured by a security deed and note giving the creditor the right and power to advertise and sell the security for the payment of the balance due on the debt upon default of the debtor, the creditor commits no libel or tortious act by exercising the right granted in contract. *Haggard v. Shaw,* 100 Ga. App. 813, 815 (112 SE2d 286); *Napier v. Jordan,* 52 Ga. App. 585 (183 SE 854); *McCravy v. Schneer's,* 47 Ga. App. 703, 704 (171 SE 391).

The record in this case establishes that Rome Bank has met its burden in showing that there is no genuine issue as to any material fact. Its evidence conclusively negates the essential elements entitling Kerce to recover under every theory that may be drawn fairly from the pleadings and the evidence. *Henderson v. Atlanta Transit System,* 133 Ga. App. 354 (1) (210 SE2d 845); *Colonial Stores, Inc. v. Turner,* 117 Ga. App. 331 (160 SE2d 672); *Saunders v. Vikers,* 116 Ga. App. 733, 734 (158 SE2d 324); *Scales v. Peevy,* 103 Ga. App. 42, 46 (118 SE2d 193). It follows that the trial court erred in failing to grant summary judgment to Rome Bank.

2. In his cross appeal in case no. 52853, Kerce complains that the trial court erred in granting Rome Bank's motion to dismiss the count of Kerce's complaint dealing with the injunction. Both parties to this action have considered the merits of the granting or refusing of the injunction as one dealing in the sufficiency of evidence to create an issue of material fact so as to withstand a motion for summary judgment, rather than any equitable issue involved in the grant or denial of the injunction.

As pointed out in Division 1 of this opinion, Rome Bank established by competent evidence, not controverted by Kerce, that Kerce signed two "open ended" security instruments. There was undisputed evidence that Kerce was in default on indebtednesses covered by these security instruments. Kerce does not contend that Rome Bank was not authorized to exercise its right, granted by contract, to foreclose on the pledged property, once a lawful indebtedness was established. Kerce's sole objection has been that there was no debt in default so as to authorize the foreclosure. We have concluded in Division 1 of this opinion that an indebtedness was established; that it was in default; that Rome Bank has the right to foreclose on its security; and in order to do so, it had the right to advertise the foreclosure sale. It follows that Kerce was not entitled to an injunction restraining the sale; therefore, the trial court did not err in granting by summary judgment Rome Bank's motion to dismiss the count calling for that injunction.

*Judgment reversed in no. 52852 with direction to enter summary judgment as to the cause of action in favor of Rome Bank & Trust Company. The cross appeal in no. 52853 is affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED OCTOBER 12, 1976 — DECIDED NOVEMBER 12, 1976 — CASE NO. 52852 REHEARING DENIED DECEMBER 1, 1976 —

*Rogers, Magruder & Hoyt, Wade C. Hoyt, Jr., Smith, Shaw, Maddox, Davidson & Graham, Walter J. Matthews,*

for appellant.

*Clayton H. Hollingsworth, Harl C. Duffey, Jr., John E. Sawhill, III,* for appellee.