## 55081. SUDDETH v. DAVIS.

McMURRAY, Judge.

This case involves a suit for damages brought by the father as next friend of his minor child against the defendant as the operator of a day care center and kindergarten. Plaintiff alleges the child (a minor six years of age) received injuries when it fell from a "high dive" onto a concrete surface. Defendant answered, generally denying the averments of the complaint and alleged an affirmative defense that the plaintiff's injuries and damages "may have been sustained by plaintiff . . . due to the negligence, if any, of persons other than defendant," and not while the child was entrusted to the care of the kindergarten for the purpose of a kindergarten education. Defendant moved for summary judgment based upon the affidavit of the sole proprietor and operator of the day care center and kindergarten who under oath deposed that the plaintiff had been transported with other children to the Lithonia swimming pool for the purpose of allowing them to receive swimming instructions from Red Cross instructors under the care and supervision of the Parks & Recreation Department of DeKalb County; that neither she nor any other employee of the kindergarten was allowed to enter the swimming pool area where the instructions were given to the children during which time neither she nor any employee of the day care center and kindergarten had

any supervisory authority or custodial responsibilities for the children receiving the swimming lessons at the Lithonia swimming pool; that the day care center and kindergarten received no monetary consideration as the result of the swimming lessons but merely acted as a conduit transferring all funds directly and completely to the Parks & Recreation Department of DeKalb County. In opposition to the motion for summary judgment the mother of the child deposed by affidavit that her daughter was enrolled as a student in the day care center and kindergarten of the defendant for a fee charged by it; that she was informed by Mrs. Davis (sole proprietor) that swimming lessons would be given at the Lithonia swimming pool and she asked for her consent to allow the daughter to take swimming lessons; that she gave permission for the daughter to take swimming lessons but never gave permission for her daughter to be entrusted to the care and the supervision of anyone other than the defendant; that she was never informed that the day care center and kindergarten would not have supervisory control over her daughter and never consented for her daughter to be placed under the custody and control of anyone except the defendant (now H. B. Davis and Mrs. Grace W. Davis, operators of the day care center and kindergarten). While the affidavit of the mother may have contained certain legal conclusions and/or speculative and self-serving opinions, nevertheless it does raise an issue of fact as to whether or not the proprietor of the day care center and kindergarten had advised the parent or parents of the plaintiff that she would not have the care and supervision of the child or any other custodial responsibilities while the child was receiving the swimming lessons. Thus it clearly appears that an issue of fact remains as to whether or not the defendant was negligent under the circumstances, and the court erred in granting the summary judgment.

See in this connection *Marques v. Riverside Military Academy,* 87 Ga. App. 370 (73 SE2d 574); and such cases as *Jaffe v. Davis,* 134 Ga. App. 651, 654 (215 SE2d 533) and cits.; also *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178).

*Judgment reversed. Quillian, P. J., and Webb, J.,*

*concur.*

ARGUED JANUARY 11, 1978—DECIDED MARCH 9, 1978.

*Vaughn, Barksdale & Nation, Jeffrey M. Starnes,* for appellant.
*Smith, Cohen, Ringel, Kohler & Martin, Harold A. Horne, Jr.,* for appellee.