56132, 56133. MILLER et al. v. SPICER (two cases).

BIRDSONG, Judge.

Appellee brought suit against the Millers and by amendment added as defendants the Millers' liability insurance carrier, appellant North River Insurance Co. From an adverse jury verdict, North River Ins. Co. alone appeals. *Held:*

1. The evidence authorized the jury to conclude that the appellee was a "pedestrian" within the meaning of Code Ann. § 56-3402b (g), which was correctly given by the trial court in its charge to the jury. Appellee was therefore an "insured," as contemplated by Code Ann. § 56-3402b (b), under the policy issued by appellant. Therefore, we will affirm so much of the judgment as concludes the issue of liability under Code Ann. § 56-3403b.

2. The "no-fault" statute, pursuant to which suit was brought against the appellant, provides, inter alia: "The total benefits required to be paid under this section without regard to fault as the result of any one accident shall not exceed the sum of $5,000 per each individual covered as an insured person or such greater amount of coverage as has been purchased on an optional basis as provided elsewhere in this Chapter..." Code Ann. § 56-3403b. In addition, Code Ann. § 56-3404b requires each insurer to "make available, on an optional basis, coverage in an aggregate limit of benefits payable without regard to fault up to $50,000 per person. When any amount of this additional personal injury protection (additional PIP) is obtained by the insured, then the total benefits which are required to be paid increase to the specified amount. However, *in the absence of additional PIP,* the statutory prohibition is plain and unambiguous — the total benefits shall not exceed the sum of $5,000 per each individual..." (Emphasis supplied.) *Ga. Cas. &c. Co. v. Waters,* 146 Ga. App. 149, 152. Thus, we conclude that the contractual nature of the "no-fault" claim imposes upon the claimant the burden of establishing PIP coverage in excess of that required by Code Ann. § 56-3403b. See Code Ann. §§ 38-103, 81-105; *North Carolina &c. Life Ins. Co. v. Goldwire,* 220 Ga. 775 (141 SE2d 902); *National Ben Franklin Ins. Co. v. Prather,* 106

Ga. App. 311 (126 SE2d 834).

The relevant policy of insurance is not in evidence leaving the record devoid of any showing of additional PIP as authorized by Code Ann. § 56-3404b. Accordingly, the amount of damages recoverable is limited to the amounts authorized in Code Ann. § 56-3403b. We therefore reverse the verdict of the trial court as to damages only, with direction that an award of damages be computed in conformance with the amount of coverage shown by the evidence as otherwise limited by the amounts stipulated in Code Ann. § 56-3403b.

3. Under the "no-fault" statute, the only provisions for attorney fees and punitive damages are found in Code Ann. § 56-3406b, which authorizes the award of such damages where the insurer fails to establish a "good faith" denial of benefits upon submission of "proper proofs of loss." Code Ann. § 56-3406b (c). The insurer must carry the burden of establishing "good faith," which has been defined as "any reasonable ground for contesting the claim of (the plaintiff)" (*Bituminous Cas. Corp. v. Mowery*, 145 Ga. App. 45, 54 (244 SE2d 573)), and, ordinarily, the determination of "good or bad faith of the insurer is for the jury." Id., p. 53. Finally, the jury's determination in this regard, absent legal error, will be upheld if there is any evidence to support it. Id., p. 54.

In the instant case, the special verdict, as amended by the trial court, is inconsistent in that attorney fees were disallowed yet punitive damages were granted. Furthermore, the transcript reveals that the special verdict form on which the issue of good faith of the insurer was postulated to the jury was itself highly ambiguous and did in fact confuse the jury, the foreman of which requested clarification from the trial court. Finally, the trial court found that the appellant "was justified in defending the claim against it for several reasons," and therefore wrote off the award of attorney fees. Upon new trial for damages, the determination of "good faith" of the insurer, as well as the determination of the claimant's compliance with the requirement of submission of "proper proofs of loss," is for the jury properly instructed in accordance with principles enunciated above.

4. An individual entitled to compensation pursuant

to Code Ann. § 56-3403b (b) (1), is, if receiving no income at the time of injury, not entitled to benefits under Code Ann. § 56-3403b (b) (2). See *Sheffield v. Cotton States &c. Ins. Co.,* 141 Ga. App. 861 (234 SE2d 695). As there was no evidence presented to show that appellee was receiving any income whatsoever at the time he sustained injury, the trial court erred in instructing the jury to award damages under Code Ann. § 56-3403b (b) (2).

5. The special verdict form submitted to the jury required the jury to award a 25% penalty if it determined that the appellant had not acted in "good faith." As Code Ann. § 56-3406b (b) merely authorizes, but does not require, the award of a 25% penalty, the special verdict form, insofar as it required a 25% penalty upon a finding that appellant had not acted in good faith, was error.

6. There is no provision of law authorizing the recovery of damages, under Code Ann. § 56-3401b et seq., for mental pain and suffering, and it was error to instruct the jury that the appellee, under any circumstances, would be authorized to recover such damages from appellant.

7. For the reasons stated above, we reverse the verdict of the trial court as to the appellant insurer only, limited to a determination of the amount of damages to which appellee is entitled under Code Ann. §§ 56-3403b and 56-3406b, upon proper jury instruction on the issues relevant to those sections. Other enumerations need not now be considered.

*Judgment reversed in part and affirmed in part. Bell, C. J., and Shulman, J., concur.*

ARGUED JUNE 26, 1978 — DECIDED SEPTEMBER 11, 1978 — REHEARING DENIED OCTOBER 30, 1978 —

*James Walker Harper, John I. Harper,* for appellants.

*Nicholson & Nicholson, Chris G. Nicholson,* for appellee.