## 57330. WILCOX v. PUBLIC SERVICE MUTUAL INSURANCE COMPANY.

McMURRAY, Presiding Judge.
Lola Wilcox was a student at the American Paramedical Academy, a proprietary school within the meaning of the Georgia Proprietary School Act (Code Ann. Ch. 32-23B; Ga. L. 1972, pp. 156, 173, as amended, see below). On June 14, 1976, and prior to the completion (scheduled for October, 1976) of her course of study the American Paramedical Academy closed its doors permanently.

As plaintiff, she then sued Public Service Mutual Insurance Company, based on its corporate surety bond required by the Georgia Proprietary School Act, supra, provided by the school (as principal) and issued by

defendant (as surety).

After discovery, defendant's motion for summary judgment was granted. The plaintiff appeals. *Held:*

The corporate surety bond in question is required under the provisions of Code Ann. § 32-2314b (Ga. L. 1972, pp. 156, 168; 1973, pp. 613, 616; 1974, pp. 1418, 1419), which states in part that, ". . . the obligation of the bond shall be that neither this Chapter nor any rule or regulation adopted pursuant thereto shall be violated by the school . . ." Defendant has failed to produce any evidence which would serve to pierce plaintiff's allegations as to violations on the part of American Paramedical Academy.

Code Ann. § 32-2314b, supra, also provides that the corporate surety bond be "conditioned that the parties thereto shall pay all damages or expenses which. . . any person may sustain resulting from any such violation." Apparently the trial court determined that the defendant had succeeded in piercing plaintiff's allegations as to damages. Plaintiff admitted in her response to a request for admissions, "[t]hat she did not pay any monies out of her own pocket regarding the above matter [attending the school]." This admission fails to affirmatively negative plaintiff's allegations as to damages. Plaintiff alleges that she incurred personal liability for a school loan, and the proceeds of this loan may have been paid directly to the school, thus not from plaintiff's pocket. A defendant seeking the grant of summary judgment must conclusively negate at least one essential element entitling plaintiff to a recovery under every theory fairly drawn from the pleadings and the evidence. *Jaffe v. Davis,* 134 Ga. App. 651 (215 SE2d 533). Plaintiff's admission fails to do this.

Defendant also relies upon rules and regulations developed by the proprietary school advisory commission and adopted by the State Board of Education pursuant to Code Ann. § 32-2305b (a) (Ga. L. 1972, pp. 156, 160). These rules and regulations are published as "Guidelines and Standards for Proprietary Schools." Section II, Area V deals with minimum standards for refund policies and includes standard number 33 which provides that "[a]fter completing one half or more of the course, the student is

obligated for the full amount of the contract price." Defendant submits that, plaintiff having completed more than one half of her course, the school is not obligated to grant a refund. Defendant has misconstrued the standards dealing with refund policy. These standards considered together and in relation to other standards show clearly that they are applicable only where the student fails to enter, withdraws, or is discontinued for cause from an available course and not to circumstances where the course is prematurely terminated by the school.

*Judgment reversed. Deen, C. J., and Shulman, J., concur.*

ARGUED MARCH 7, 1979 — DECIDED MAY 3, 1979.

*Kenneth G. Levin,* for appellant.
*Flemister, Jewett, Baird & Slotin, C. Lawrence Jewett,* for appellee.