63744. THEBAUT v. McCLOSKEY VARNISH COMPANY.

BANKE, Judge.

This is a products liability suit against Formby's Inc., and McCloskey Varnish Co. The plaintiff alleges that when a neighbor living in an apartment directly below him applied some "Formby's Antique Walnut Wiping Stain" to an article of furniture, the fumes wafted up into his apartment and killed his entire collection of rare birds. It appears without dispute from the record that McCloskey Varnish Co. manufactured the base for the stain and then sold it to Formby's. Formby's, in turn, added additional chemicals to the base

and sold it to retailers under its own name. McCloskey denies that it had any knowledge of the additions or modifications made to the base by Formby's and accordingly contends that it cannot be held liable for any damage caused by Formby's product. The trial court apparently agreed and for this reason granted McCloskey's motion for summary judgment. This appeal followed. *Held:*

"On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence. *Colonial Stores v. Turner,* 117 Ga. App. 331 (160 SE2d 672)." *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429) (1973). See also *Burnette Ford v. Hayes,* 227 Ga. 551 (181 SE2d 866) (1971); *Combs v. Adair Mtg. Co.,* 245 Ga. 296 (264 SE2d 226) (1980).

Although the plaintiff has produced no evidence in support of his allegation that his birds died as the result of the original composition of the base manufactured by McCloskey, McCloskey has produced no evidence negating this allegation. In particular, there is no chemical evidence to support McCloskey's contention that the damage was caused by the modifications made by Formby's. "One of the conditions for imposition of strict liability against a manufacturer of 'defective' products is that the product 'is expected to and *does reach the user or consumer without substantial change in the condition in which it is sold.*' (Emphasis supplied.) Restatement of the Law, Torts 2d, 348, § 402A. In some cases it may be a jury question as to whether the products' original design has been merely slightly or somewhat modified. In such cases, the jury must determine whether the original manufacturer's design was defective and, if so, whether the proximate cause of the injuries sustained was the original defective design or the subsequent modification." *Talley v. City Tank Corp.,* 158 Ga. App. 130, 135 (279 SE2d 264) (1981). See also *Center Chem. Co. v. Parzini,* 234 Ga. 868 (218 SE2d 580) (1975). The trial court erred in granting McCloskey's motion for summary judgment.

*Judgment reversed. Quillian, C. J., McMurray, P. J., Shulman, P. J., Carley and Pope, JJ., concur. Deen, P. J., Birdsong and Sognier, JJ., dissent.*

DECIDED MAY 11, 1982 —
REHEARING DENIED JUNE 21, 1982 —

*Billy L. Spruell, Sonja L. Salo,* for appellant.
*Robert C. Lamar,* for appellee.

BIRDSONG, Judge, dissenting.

Inasmuch as the relevant evidence seems to point conclusively to the fact that the neighbor used a product manufactured by Formby's and the use of this product is the only explanation offered by appellant as the cause of his loss, I must respectfully dissent. The undisputed facts show that McCloskey sold a stain base in 55 gallon drums to Formby's. There is no showing that this stain base had any noxious odors or vapors or that any toxicity tests had been performed or were required to be performed. After the stain base was received by Formby's, two acidic solvents were added to the base, changing the content and nature of the stain base not only as to liquid and vapor content but also as to toxicity as well, for Formby's stain was known to have a toxic effect on rats when orally ingested. Moreover, the stain base sold to Formby's (before modification) was sold under McCloskey's name and the modified stain base was sold in eight-ounce bottles under Formby's name as "Antique Walnut Wiping Stain."

Under Code Ann. § 105-106, strict liability is imposed for injuries suffered "'. . . because the property when sold by the manufacturer [McCloskey] was not merchantable and reasonably suited to the use intended and its condition when *sold* is the proximate cause of the injury sustained.'" This court has imposed as a condition precedent to imposition of strict liability against a manufacturer (McCloskey) for an allegedly defective product that "... the product 'is expected to and *does reach the user or consumer* [Thebaut] *without substantial change* in the condition in which it is sold' [to Formby's]." *Talley v. City Tank Corp.,* 158 Ga. App. 130, 135 (279 SE2d 264). In this case the product sold by Formby's under its own name had been chemically altered. Thus, McCloskey's base stain was not the property purchased by Thebaut nor can it be concluded that what caused the birds' deaths still remained identifiable and be McCloskey's product. If the fumes caused the birds' deaths, the evidence is undisputed that it was Formby's product that was used. Proximate cause is a necessary element to Thebaut's complaint and in the absence of a connection between McCloskey's stain and the injuries suffered, the complaint likewise must fail. *Union Carbide Corp. v. Holton,* 136 Ga. App. 726, 728 (1) (222 SE2d 105).

Finally, appellant Thebaut relies heavily on McCloskey's failure to warn of the dangerous and noxious potential for harm in its manufactured product, the base stain. However, no such duty falls

upon a manufacturer whose product has been substantially modified by an intervening agency, and particularly where the intervening agency holds forth the new product as an item of its own manufacture. It is rather the duty of the intervening manufacturer (Formby's) to make the new product safe for the purpose of which he (Formby's) intended it to be used and warn the user (consumer) of any potential danger in the use of its new product. See *Talley v. City Tank Corp.,* supra, p. 138. I would sustain the grant of summary judgment to McCloskey.

I respectfully dissent. I am authorized to state that Presiding Judge Deen and Judge Sognier join in this dissent.