66662. HOH COMPANY, A JOINT VENTURE et al. v. ETHRIDGE et al.

BIRDSONG, Judge.

This appeal is from the trial court's entry of partial summary judgment in favor of appellees in this action to recover money allegedly due appellees, acting as trustees of various labor union trust funds. As trustees for participating union employees, appellees' claim arises from the work performed by union members for the joint venture of Jones Masonry/Taplin & Associates (hereinafter "Jones-Taplin"), a subcontractor involved with the construction of William B. Hartsfield International Airport near Atlanta. This action was brought against the general contractor on the project, The HOH Company, and its sureties on a labor and material payment bond covering the Hartsfield project. See OCGA § 13-10-1 (Code Ann. § 23-1705). Appellees claim that Jones-Taplin failed to remit to them, as ostensibly required by the alleged subscription agreement

between appellees' union and Jones-Taplin and the applicable collective bargaining agreement, a total of $48,073.72 in various fringe benefits for labor performed by union members through December 1979. Appellants have generally denied liability for the amount claimed.

Appellees moved for partial summary judgment seeking an order adjudging appellants liable for $48,073.72 in benefit payments. The motion did not seek an adjudication of liability on appellees' claim for penalties and attorney fees. After reviewing the evidence, primarily in the form of affidavits and attachments, presented in support of and opposition to appellees' motion, the trial court granted the motion. Appellants challenge the judgment primarily on the ground that the evidence presented on the motion failed to eliminate several issues of material fact with respect to appellees' claim.

1. "It is axiomatic that '[i]n summary judgments, all inferences, and all ambiguities, and all doubts, are resolved against the movant... and in favor of the party opposing the grant of summary judgment.' [Cit.] . . . 'The respondent's proof is treated with indulgence' [Cit.] and vague or contradictory testimony must be construed in favor of the non-movant. [Cit.]" *Whirlpool Corp. v. Hurlbut,* 166 Ga. App. 67 (1) (303 SE2d 284).

2. A careful review of the record in this case demonstrates that the trial court erred in granting appellees' motion for partial summary judgment, in that appellees have not eliminated all issues of material fact (OCGA § 9-11-56 (c) (Code Ann. § 81A-156)) concerning the amount of benefit payments, if any, owed by Jones-Taplin. It is undisputed that the union and Jones-Taplin entered into a subscription agreement on April 21, 1978, that Jones-Taplin performed work on the Hartsfield project pursuant to the sub-contract agreement dated June 6, 1978, and that Jones-Taplin or Jones Masonry Company used union members on the Hartsfield project. It is further undisputed that HOH posted a labor and material payment bond covering the project and that the remaining appellants were sureties under that bond. However, the president of Jones Masonry Company stated in an affidavit offered by appellants that he had reviewed the records from which appellees calculated the amount of benefits owed for work on the Hartsfield project, and that the records covered "bricklayers employed on projects other than HOH subcontract work." He further stated that it is impossible to determine from the records "which particular job or jobs the bricklayer worked for Jones-Taplin during the respective reporting period." Two affidavits submitted by one of the trustee/appellees clearly established that the $48,073.72 figure was derived from the

records reviewed by Jones. However, these affidavits stated only that "the total outstanding indebtedness of Jones Masonry/Taplin & Associates to the Bricklayers Benefit Funds [is] $48,073.72." Thus, there is a clear conflict in the evidence as to whether appellees' calculation includes amounts attributable to work performed by Jones-Taplin or Jones Masonry at projects other than those at Hartsfield covered by the HOH bond. This in itself is a sufficient conflict in the evidence to preclude the entry of partial summary judgment in favor of appellees for any specified amount.

Also on file are other affidavits either submitted by Jones or by appellants. In his affidavits Jones deposed, inter alia, that the subscription agreement between the union and Jones-Taplin was never accepted by the union, that the Jones-Taplin joint venture was terminated on or about June 1, 1978, and that no contractual relationship of any kind existed between Jones Masonry Company and the union after June 30, 1979. On summary judgment proceedings the court is not in a position to weigh the evidence or determine its credibility, and the facts alleged in the Jones' affidavits clearly create a conflict as to the amount of benefits, if any, Jones Masonry Company or Jones-Taplin was obligated to remit to appellees.

3. Appellees argue that two of the Jones' affidavits could not be considered by the trial court because they were not offered by appellants in opposition to appellees' motion. The argument clearly is erroneous, because it is the trial court's duty to "consider *all papers of record*, as well as any material prepared for the motion that meets the standard prescribed in [OCGA § 9-11-56 (e) (Code Ann. § 81A-156)]." *Sacks v. Bell Tel. Labs.*, 149 Ga. App. 799 (256 SE2d 87). When all evidence in this record properly is considered, appellees' proof falls far short of eliminating all issues of material fact as required by OCGA § 9-11-56 (Code Ann. § 81A-156).

*Judgment reversed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 14, 1983.

*Bert R. Oastler, Glenna L. Stone,* for appellants.
*William E. Zachary, Jr., J. Ed Segraves,* for appellees.