## 69061. STATE FARM FIRE & CASUALTY COMPANY v. MARTIN.
(329 SE2d 577)

BEASLEY, Judge.

State Farm appeals the trial court's sua sponte grant of summary judgment to the appellee insured. The appellee was a ten-year-old pedestrian struck by the insured's (Dickinson's) vehicle. Appellee made claim under Dickinson's policy for the policyholder's $10,000 PIP benefits. State Farm paid $2,500 medical benefits contending that the policy contains a valid provision reducing coverage for pedestrians under the now defunct OCGA § 33-34-5: "Each insurer shall also make available on an optional basis the following coverage: (1) An aggregate limit of benefits payable without regard to fault up to $50,000.00 per person, *which may be rejected or reduced* to not less than an aggregate limit of benefits payable without regard to fault of $5,000.00 per person by written consent of the policyholder." (Emphasis supplied.) (See also OCGA § 33-34-5, as amended Ga. L. 1982, p. 1234, § 1.) The insured Dickinson specifically opted for $10,000 PIP benefits. The State Farm policy sought to limit this optional coverage by a contractual provision which limited coverage of certain persons (including pedestrians) to a lesser amount regardless of the coverage opted for by the insured for himself.

The trial court held: "Under defendant's motion for summary judgment, it appears as a matter of law that the Georgia Motor Vehicle Accident Reparations Act optional benefits provision contains no restrictions or limitations as to persons covered. Therefore, within the statutory language all people covered by minimum PIP coverage are entitled to optional PIP benefits when properly elected by the insured; any attempt to exclude or limit coverage in the policy would be contrary to the statute. If such a policy attempts to exclude a pedestrian from optional coverage, it violates the optional No Fault statute. Therefore, the court denies the defendant's motion for summary judgment and enters summary judgment on the part of the plaintiff under the language of OCGA § 33-34-5. The court makes a determination that there is no just reason for delay and enters immediate judgment." We agree, for a pedestrian by statutory definition (OCGA §

33-34-2) is as much an insured as the policyholder. We add only that the statute which formerly permitted rejection or reduction of benefits with written consent of the policyholder, makes no distinctions permitting a policyholder to reduce coverage of others discriminately; moreover, as a matter of fact and assuming that he could do so, Dickinson did not specifically in writing consent to the discriminate reduction of benefits for pedestrians. Even if such reduction could be valid, adherence to the policy established in the *Jones-Flewellen* line of cases would require a clear written choice by the policyholder of the precise reduction, and the reduction could not validly be hidden in the policy terms. See *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983). If there were any doubt about all of this, the legislature made clear its policy grounds by amending in 1982 the statute under which appellant claims.

The trial court also was correct in its denial of summary judgment to defendant on the question of additional damages.

The law provides that if the insurer fails to pay benefits to which a person is entitled within 30 days after proper proof of loss, the person entitled may sue "and the insurer must show that its failure or refusal to pay was in good faith, otherwise the insurer shall be liable for a penalty not exceeding 25 percent of the amount due and reasonable attorney's fees." OCGA § 33-34-6 (b). Further, if the insurer fails or refuses to pay within 60 days and an action is brought, "if the insurer fails to prove that its failure or refusal to pay the benefits was in good faith, the insurer shall be subject to punitive damages." OCGA § 33-34-6 (c). Plaintiffs in their suit sought not only the payments provided by the insurance policy but also the entire 25% statutory penalty, reasonable attorney fees, and punitive damages.

The insurer had the burden of demonstrating that there is no genuine issue of material fact, and any doubt as to the existence of such an issue is to be resolved against it. *Williams v. Trust Co. of Ga.*, 140 Ga. App. 49, 56-57 (230 SE2d 45) (1976). Summary judgment is " 'an extreme remedy to be granted only in those cases where there clearly is no genuine issue to be tried. . . .' " Ibid. All the facts and inferences to be drawn from the record must be construed in favor of the party against whom the summary judgment is sought, here the plaintiff. *Colonial Stores v. Turner*, 117 Ga. App. 331, 333 (160 SE2d 672) (1968); *Thebaut v. McCloskey Varnish Co.*, 162 Ga. App. 651, 652 (291 SE2d 398) (1982). It is only warranted where that party would not be entitled to have a jury verdict stand. Ibid. Of course, the trial court cannot in considering summary judgment weigh the evidence or determine its credibility. *HOH Co. v. Ethridge*, 168 Ga. App. 20 (308 SE2d 43) (1983).

The record below does not establish that the unilateral change in policy, excluding pedestrians, and being contrary to law, was made in

good faith as a matter of law. The bases for insurer's course of conduct, which led to the refusal to pay, are ordinarily subject to jury consideration. *Miller v. Spicer*, 147 Ga. App. 759, 760 (3) (250 SE2d 492) (1978). Just because it is a first impression case does not mean it is therefore a good faith refusal; the issue may never have been raised in any earlier cases because of its lack of merit. Of course, insurers should not be discouraged from denying liability by the fear that a contrary conclusion will virtually guarantee a finding of bad faith by a jury when the defense is found untenable. But as we have noted, the reduction could not validly be hidden in the policy terms, and the legislature had made clear its policy grounds prohibiting such a reduction. Unlike *United Ins. Co. v. Dixon*, 143 Ga. App. 133 (237 SE2d 661) (1977),[1] and other cases involving OCGA § 33-4-6, the burden was not on the insured to show bad faith but rather on the insurer to show good faith.

In that posture, and given the circumstances of the case, we do not find as a matter of law that the issue here on ultimate liability under the policy was "closely contested" so as to avoid the issue of additional damages going to the jury. Cf. *Canal Ins. Co. v. Bryant*, 173 Ga. App. 173 (325 SE2d 839) (1984). Lack of good faith could be found when insurer says a pedestrian is not included within the term "an insured" and the policy itself defines "insured" to include a pedestrian. See *Bituminous Cas. Corp. v. Mowery*, 145 Ga. App. 45, 49 (2) (244 SE2d 573) (1978). Reliance on the Insurance Commissioner's approval of the policy format or on his rules and regulations do not necessarily make it a "closely contested" question, because the policy provision must yield as a matter of law to statutes which provide otherwise. "Existing and valid statutory provisions enter into and form a part of all contracts of insurance to which the statute is applicable, and in case of conflict between the policy and the statutory provisions the latter control. [Cit.]" *Gulf American Fire & Cas. Co. v. McNeal*, 115 Ga. App. 286, 292 (154 SE2d 411) (1967).

*Judgment affirmed. Banke, C. J., McMurray, P. J., Carley, Pope, and Benham, JJ., concur. Deen, P. J., Birdsong, P. J., and Sognier, J., dissent.*

BIRDSONG, Presiding Judge, dissenting.

In my opinion, the trial court erred in refusing summary judgment to State Farm on the issue of bad faith. That this might be a first impression case, considered alone, does not necessarily mean State Farm's refusal to pay properly chosen policy limits was in good faith. *Bituminous Cas. Co. v. Mowery*, 145 Ga. App. 45, 51-53 (244

---

[1] Overruled on other grounds, *United Family Life Ins. Co. v. Shirley*, 242 Ga. 235, 238 (248 SE2d 635) (1978).

SE2d 573). But where the issue of liability in good faith is closely contested, a finding of bad faith generally is unjustified. *Canal Ins. Co. v. Bryant*, 173 Ga. App. 173 (325 SE2d 839); *United Ins. Co. v. Dixon*, 143 Ga. App. 133, 134 (237 SE2d 661), overruled on other grounds, *United Family Life Ins. Co. v. Shirley*, 242 Ga. 235, 238 (248 SE2d 635). Insurers should not be discouraged from formulating honest defenses by the fear that a contrary conclusion will virtually guarantee a finding of bad faith by a jury when the defense is found untenable. The initial determination of bad faith is a threshold question of law for the court (*Canal Ins. Co.*, supra). In this case, in view of the justifiable argument of policy limitation raising an issue of first impression and thus a viable defense though judicially rejected as an incorrect position, the finding of bad faith would be unjustified. *Canal Ins. Co.*, supra.

I respectfully dissent. I am authorized to state that Presiding Judge Deen and Judge Sognier join in this dissent.

DECIDED MARCH 12, 1985 —
REHEARING DENIED MARCH 29, 1985 — 

*Robert M. Travis, Michael L. Chapman*, for appellant.
*William Q. Bird, Edward R. Still, Gary R. Smith*, for appellee.