A92A1081. WILSON et al. v. STATE OF GEORGIA.
(426 SE2d 192)

BEASLEY, Judge.

The State of Georgia was improperly granted partial summary judgment in an action under OCGA § 16-12-31 to forfeit $7,235.86 seized from the apartment of appellants Johnny and Lucy Wilson on March 8, 1991.

1. "All property used in, intended for use in, used to facilitate, or derived from or realized through a violation of [the gambling laws] or which is located within any gambling place . . . is declared to be contraband and may be seized and forfeited as provided in this Code section." OCGA § 16-12-32 (b). "Funds" are included within the OCGA § 16-12-32 (a) definition of "property." A forfeiture proceeding is conducted "as other civil cases in [the superior] court," OCGA § 16-12-32 (f), so OCGA § 9-11-56 (c) applies.

The State, as movant, had the burden of establishing the nonexistence of any genuine fact. It showed that during a long period of police surveillance, Johnny Wilson was observed on 14 occasions making gambling pickups from a co-defendant and returning to his apartment. The co-defendant later pled guilty to two counts of commercial gambling and keeping a gambling house. Police also observed Wilson in a daily pattern of picking up bets at the residence of another co-defendant who later pled guilty to commercial gambling.

Execution of a search warrant at the Wilsons' apartment resulted in the seizure of the currency at issue. It was found in various locations in the master bedroom in close proximity to numbers tickets and other gambling records. Much of it was in small denominations and in rolled and banded coins. Additional money bands, records of a gambling business (in a desk drawer), and numbers tickets (in a trash can) were found in the bedroom. Johnny Wilson pled guilty to commercial gambling, OCGA § 16-12-22 (a), in that he operated and participated in the earnings of a gambling place, Grace King's residence, between December 3, 1990, and March 8, 1991.

Appellants then had the burden of setting forth specific facts in order to show there is a genuine issue for trial. Their affidavits stated that the money was "derived, realized or obtained" from their savings withdrawals in 1988 and 1990, a loan repayment, Johnny's back pay award in 1990, Lucy's legal settlement in 1990, and their long-time accumulation of coins. They attached documentation of some of those transactions, spanning about three years. They denied that any of the

money was "used in, used to facilitate, or intended for use in any gambling activity."

"In deciding motions for summary judgment, . . . : 'The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor. [Cit.]' [Cits.]" *Barber v. Perdue*, 194 Ga. App. 287, 289 (390 SE2d 234) (1990). The facts and reasonable inferences to be drawn from appellants' counterevidence "point[ed] to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Whether appellants' explanations are credible must be left to the factfinder, as "the court is not in a position to weigh the evidence or determine its credibility. . . ." *Hoh Co. v. Ethridge*, 168 Ga. App. 20, 22 (2) (308 SE2d 43) (1983). Appellants' evidence is not such that reasonable minds would not differ as to its credibility. It is not devoid of credit as a matter of law. "Summary judgment should be granted only . . . where undisputable, plain and palpable facts exist on which reasonable minds could not differ as to the conclusion to be reached." *Stukes v. Trowell*, 119 Ga. App. 651 (168 SE2d 616) (1969); *Braddy v. Collins Plumbing &c.*, 204 Ga. App. 862 (420 SE2d 806) (1992).

2. Lucy Wilson asserts that an issue of fact remains as to her intent or knowledge that the seized property was used in violation of OCGA § 16-12-32. Subsection (g) provides: "Should it appear that any person filing a defense in the action knew, or by the exercise of ordinary care should have known, that the property was used in violation of this Code Section, . . . such person shall have no claim upon the property. . . ."

Since a factual question was established as to whether the monies seized were used in violation of the gambling laws, any knowledge on the part of Lucy Wilson is likewise for the jury's consideration.

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 19, 1992 —
RECONSIDERATION DENIED DECEMBER 4, 1992.

*May & Horkan, Dwight H. May*, for appellants.
*H. Lamar Cole, District Attorney, Charles M. Stines, Mark E. Mitchell, Assistant District Attorneys*, for appellee.