## 31022. SOUTH DEKALB FAMILY BRANCH OF THE YOUNG MEN'S CHRISTIAN ASSOCIATION OF METROPOLITAN ATLANTA, INC. v. FRAZIER.

NICHOLS, Chief Justice.

In 1953, Mrs. Ada Catherine Nash and J. G. Nash executed a warranty deed to the Wesley Chapel Civic Club for Men and Women. On December 15, 1970, the grantors in such warranty deed filed suit in the Superior Court of DeKalb County to recover such property and alleging that "other consideration" for such deed was an agreement that in the event the property was not used for civic club activities or such activities were later abandoned, the property would revert to the grantors upon the payment of $500 to the grantee club. After service no other orders were entered until December 1, 1975 when an order was entered placing the case on the trial calendar.

On January 21, 1975 the South DeKalb Family Branch of the YMCA of Metropolitan Atlanta, Inc. filed a complaint in which it alleged that the Wesley Chapel Civic Club conveyed to it by quitclaim deed the property previously deeded by Ada Catherine Nash and J. G. Nash, that it has knowledge of only one adverse claim to the fee simple title held by it, said claim being that of Lula E. Frazier, that her alleged claim is founded on a tax deed from the Sheriff of DeKalb County to J. W. Gordy and a subsequent release of his interest to Lula E. Frazier, that statutory notice was given by Lula E. Frazier to the plaintiff notifying plaintiff of its right to redeem the realty by paying the redemption price before the fourteenth day of March, 1974. The complaint further alleged that on March 13, 1974, plaintiff timely tendered

a cashier's check in the amount required to be paid on redemption, that Lula E. Frazier rejected the statutory tender and has continued to refuse said tender to the date of the filing of the complaint. The prayers were for a special master to be appointed as provided in Code § 37-1413, that the adverse claim of Lula E. Frazier be removed as a cloud from the plaintiff's title, that plaintiff be granted title in fee simple free of all liens and encumbrances and for further relief as the court should deem just and proper.

An amendment to such complaint was filed on January 14, 1976 in which it was alleged that the original plaintiffs in the first action are deceased (he having died in 1972 and she in 1973), that until December 23, 1975 there was no motion or other pleading filed seeking to substitute living persons as plaintiffs in the first action, that the order dated December 1, 1975 stipulating such action to the jury calendar is void of no force and effect because at the time of the entry thereof there was no living person named as a party plaintiff, that because no valid order had been entered for a period of five years, said action stood automatically dismissed, that subsequent to the automatic dismissal a motion to substitute the defendant in this action as a party plaintiff in that action and that on the same date the defendant here purported to file a motion for summary judgment, that the second action involves the same questions as involved in the first action, and that the defendant herein should be enjoined from attempting to prosecute the first action. The trial court refused to grant a temporary injunction and the appeal is from that judgment.

The sole question presented on this appeal is whether the order placing the first case on the trial calendar, issued at a time after all the original plaintiffs had died and before any motion had been made to substitute a living person as plaintiff, was such an order as would preclude the automatic dismissal of such action where no other order was entered for more than five years.

In *Swint v. Smith,* 219 Ga. 532 (5) (134 SE2d 595) (1964), a case where one of the defendants had died after an action was filed and in which no order was entered for more than five years, it was said: "[T]he fact that one of

the defendants died would not prevent the dismissal under section 3-512 of a pending action because the purpose of that section is to penalize plaintiffs for nonaction and not to benefit them, which a refusal to dismiss this action would do."

"A deceased person cannot be a party to legal proceedings. While the death of a party does not abate a pending action where the cause of action survives (Code § 3-501), nevertheless the effect of the death is to suspend the action as to the decedent until someone is substituted for the decedent as a party to the proceedings. 1 AmJur2d 83, Abatement, Survival and Revival, § 47; 39 AmJur 971, Parties, § 100. Until someone is properly substituted as a party after the action is thus suspended, further proceedings in the case are void as to the decedent. See *Watson v. Adams,* 103 Ga. 733, 736 (30 SE 577); *Irwin v. Shuford,* 144 Ga. 532 (1) (87 SE 674); *Campbell v. Western & A. R.,* 57 Ga. App. 209 (2) (194 SE 927)." *Eubank v. Barber-Colman Co.,* 115 Ga. App. 217 (1) (154 SE2d 638) (1967). See also *Rowe v. Citizens & Southern National Bank,* 129 Ga. App. 251, 253 (199 SE2d 319) (1973).

"On the death of a party or the happening of any other event that would cause it to abate at common law, the action is suspended and the suspension has the same temporary effect on the rights of the parties as though the suit actually abated. The action remains in abeyance and cannot proceed until someone is substituted for the decedent or other party, and the personal representative or heirs of the decedent are not required to take notice of the pendency or defend the action until they are made parties. Thus, the death of a plaintiff while summons is being served by publication leaves the action in a suspended condition, and no proceeding can be taken until his executor or administrator is substituted plaintiff in his place. If the publication is continued as though the plaintiff remained alive, it is ineffectual to confer jurisdiction over the defendants." 1 AmJur2d 130, Abatement, Survival and Revival, § 113.

The order placing the case on the trial calendar at the request of plaintiff's counsel was a nullity. No valid order having been entered for more than five years in the lawsuit originally filed by Ada Catherine Nash and J. G.

Nash, the judgment of the trial court refusing to grant the temporary injunction enjoining the further prosecution of such lawsuit by Lula E. Frazier must be reversed.

*Judgment reversed. All the Justices concur, except Jordan and Ingram, JJ., who dissent.*

ARGUED APRIL 12, 1976 — DECIDED MAY 5, 1976 — REHEARING DENIED MAY 24, 1976.

*McCurdy & Candler, George H. Carley, John Perry Cripe,* for appellant.

*Zachary & Segraves, William E. Zachary, Sr., Harold D. Corlew,* for appellee.