### 55121. TARPLEY v. HAWKINS.

DEEN, Presiding Judge.
1. This court must always take notice of its own jurisdiction. It appears from the record here that the only appellant named is E. S. Tarpley, who died December 5, 1976. No other entity has been substituted for the decedent. "A deceased person cannot be a party to legal proceedings. While the death of a party does not abate a pending action where the cause of action survives (Code § 3-501), nevertheless the effect of the death is to suspend the action as to the decedent until someone is substituted for the decedent as a party to the proceedings. . . Until someone is properly substituted as a party after the action is thus suspended, further proceedings in the case are void as to the decedent." *South DeKalb &c. Y.M.C.A. v. Frazier,* 236 Ga. 903, 905 (225 SE2d 890), quoted from *Eubank v. Barber-Colman Co.,* 115 Ga. App. 217 (1) (154 SE2d 638). In the latter case it was held that, since there was no living appellant and none could be supplied by amendment, the appeal would be dismissed. We have no alternative but to follow this precedent.
2. It is apparent also that no order was entered in this case for a period of more than five years after February 5, 1972, when the then appellant filed a motion for new trial and injunction following an adverse verdict. See in this connection Code §§ 3-512, 81A-141 (e); *Swint v. Smith,* 219 Ga. 532 (5) (134 SE2d 595). Tarpley died December 5, 1976, but the death was not suggested of record and nothing occurred until July 15, 1977, when the plaintiff moved to dismiss the appeal, a motion which was granted by the trial court. Since, under the five-year statutes, an automatic dismissal eventuated in the trial court, there is for this additional reason no valid appeal

pending.

*Appeal dismissed. Smith and Banke, JJ., concur.*

Submitted January 4, 1978 — Decided January 24, 1978.

*James G. Maddox,* for appellant.
*Boone, Scott & Boone, Walter A. Scott,* for appellee.