62670. PEPPER v. SELIG CHEMICAL INDUSTRIES et al.

SOGNIER, Judge.

Jean Pepper was injured while using a chemical solution designed for use in the process of tinting optical lenses. Some of the solution spilled onto a hot plate, caught fire and burned Pepper. She

sued Selig Chemical Industries (Selig), the manufacturer or distributor of the product, Robertson Optical Laboratories, Inc. (Robertson), and R. O. L. Lens Co. (R.O.L.), the sellers of the product, for negligence in the manufacturing of an inherently dangerous product and for failure to warn of the dangers in using the product. Selig's motion for summary judgment was granted, and Pepper appeals.

Appellant contends that the trial court erred in granting summary judgment in favor of Selig because Selig failed to carry its burden of showing that no genuine issue of material fact remained for jury determination. We agree with appellant and reverse.

1. Appellant contends that an issue of fact remains as to whether the chemical solution being used by Pepper is inherently dangerous. Appellee's expert, an employee of Selig, testified by affidavit that the chemical in question is not " 'flammable' in ordinary use, is not considered to be 'combustible,' and is not 'inherently dangerous.' " However, this is not the type of case in which an expert's opinion introduced by the movant will authorize the grant of summary judgment. *Harrison v. Tuggle,* 225 Ga. 211, 213 (167 SE2d 395) (1969); *Savannah Valley Production Credit Assn. v. Cheek,* 248 Ga. 745 (285 SE2d 689) (1982). Hence, a question of fact remains regarding the dangerous nature of the chemical solution.

2. Next, appellant contends that Selig, as a manufacturer of the chemical solution, had a duty to Pepper to warn of the dangerous propensity of the product. Selig contends, however, that it is a mere bulk distributor of the chemical solution and has no duty to warn the ultimate user or consumer.

By affidavit and deposition, Selig's representative stated that the chemical solution which ultimately found its way into Pepper's hands was purchased by Selig in 55-gallon drums from American Industrial Chemical Corporation (American), and was sold to Robertson in the same 55-gallon drums. Selig, at Robertson's request, placed a label supplied by Robertson on the drums. The Robertson label named the solution "ROL Bleach" and included the following warning:

CAUTION
KEEP OUT OF REACH OF CHILDREN.
May be harmful if swallowed.
Avoid contact with skin and eyes.
In case of contact,
flush with plenty of clean water.

There was no warning that the solution might be combustible despite the fact that the instructions on the label said to "Heat 190° to 200°."

There was no evidence that either Selig or American had affixed a label or warning of any kind on the drums.

Selig's representative admitted that Selig was a manufacturer of chemical products and that "Sometimes we buy products and sell them exactly as we buy them. Sometimes we buy products, raw materials, and blend them to make other products." He admitted that the chemical in question was occasionally used as an ingredient in other products that Selig manufactured. He also admitted that "We do not alter the product [the chemical in question] other than on occasion, we have added a coloring agent to it to sell to them [Robertson] . . ."

On deposition Selig's representative was questioned about certain invoices from American (although such invoices do not appear in the record) and it was well established in the questions and answers regarding the invoices that the chemical was purchased by Selig from American in 55-gallon drums. Robertson denied requesting that the chemical be delivered in the *original* drums and denied that it knew the chemical and drums were supplied to Selig by American.

The party opposing a motion for summary judgment must be given the benefit of all inferences that may be drawn from the evidence. *Pierce v. Liberty Furniture Co.,* 141 Ga. App. 175, 178 (233 SE2d 33) (1977). Under the circumstances of this case, construing the evidence in a light most favorable to appellant, as we must, it cannot be said as a matter of law that Selig is a mere bulk distributor of the chemical solution sold to Robertson. "One who puts out as his own product a chattel manufactured by another is subject to the same liability as though he were its manufacturer." Second Restatement of the Law of Torts § 400; *Pierce v. Liberty Furniture,* supra, at 179.

3. Appellant also argues that Selig, as a manufacturer of the chemical solution, failed to warn of the dangers of the product and that such failure to warn was the proximate cause of Pepper's injury. If Selig is found to be a manufacturer, the appellee may be strictly liable for any defect in the product which is the proximate cause of Pepper's injury. Code Ann. § 105-106; *Center Chemical Co. v. Parzini,* 234 Ga. 868, 870 (218 SE2d 580) (1975); *Beam v. Omark Industries, Inc.,* 143 Ga. App. 142, 144 (237 SE2d 607) (1977). A manufacturer's failure to warn of the dangers in using a product may constitute a defect in the product for purposes of strict liability. *Center Chemical Co. v. Parzini,* supra. Whether the product in question is so inherently dangerous as to require a particular warning with regard to its combustibility is a factual question which must be determined by a jury; and whether the failure to give an adequate warning in this regard is the proximate cause of appellant's injury is

also a jury question. *Beam v. Omark Industries, Inc.,* supra, at 144, 145.

Appellee argues that Robertson, as the ostensible manufacturer, had the duty to warn because Robertson rebottled the chemical solution in quart bottles and used its own label to market the product. Thus, Selig contends that Robertson is an intervening agency whose negligence was the cause of appellant's injury. The evidence disclosed that Selig sold the chemical to Robertson with Robertson's own label affixed to the 55-gallon drums; that Robertson transferred the solution from the drums to quart bottles bearing the same Robertson label. While the Robertson label had some warning as to the dangers of the chemical, it did not contain any warning regarding the use of the solution near heat. It cannot be determined from the record on summary judgment whether Robertson knew that the chemical was combustible. Robertson denied marketing the chemical as its own product despite the Robertson label.

The principle of remoteness releasing a manufacturer from liability is applicable to situations where an intervening agency, such as the negligence of another, preponderates in causing the injury. *General Motors Corp. v. Davis,* 141 Ga. App. 495, 497 (233 SE2d 825) (1977). In the instant case it cannot be said as a matter of law that Robertson's actions in rebottling the product without any apparent knowledge of the combustibility of the product were so preponderate in causing Pepper's injury as to insulate Selig from liability for failure to supply a sufficient warning.

A duty to warn of danger in the use of a product extends only to the use of the product in the manner reasonably contemplated and anticipated by the manufacturer. If the product is altered or modified in any way, the manufacturer may not be liable if it could not foresee that the product would be thus altered. The manufacturer has no duty to protect the consumer or user against such an unforeseeable intervening cause. *Talley v. City Tank Corp.,* 158 Ga. App. 130, 138 (279 SE2d 264) (1981). Here, Selig knew the product would be transferred to other containers and knew the contents of the label placed on the drums. It cannot be said that as a matter of law Robertson was such an intervening cause as to insulate Selig from liability for its own failure to warn of the dangers of the chemical solution as the manufacturer of the product.

The trial court erred in granting summary judgment in favor of Selig.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 26, 1982 —
REHEARING DENIED MARCH 9, 1982.

*John C. Tyler, Alvin T. Wong,* for appellant.
*M. David Merritt, Howard M. Lessinger, Robert G. Tanner,* for appellees.