65084. OMARK INDUSTRIES, INC. et al. v. ALEWINE.

BANKE, Judge.

We granted an interlocutory appeal in this products liability case to review the denial of the defendants' motion for summary judgment. The plaintiff alleged in his complaint that he was injured as the proximate result of a defect in a hydraulic loader manufactured by the defendants. It appears from the briefs and from a reference in an affidavit contained in the record that the plaintiff died subsequent to filing suit but prior to the denial of the motion for summary judgment. However, no suggestion of death has been formally entered upon the record, and no one has been substituted to pursue the action in the plaintiff's place. *Held:*

The death of a party to a pending action automatically suspends the action as to that party until someone is substituted for him; and, until such substitution occurs, further proceedings in the case are void as to that party. *South DeKalb &c. YMCA v. Frazier,* 236 Ga. 903, 905 (225 SE2d 890) (1976); *Eubank v. Barber-Colman Co.,* 115 Ga. App. 217 (1) (154 SE2d 638) (1967); *Tarpley v. Hawkins,* 144 Ga. App. 598 (241 SE2d 480) (1978). See generally Code Ann. §§ 3-501; 3-508; 81A-125 (a). It appearing that the plaintiff was not living at the time the motion for summary judgment was ruled on, the trial court's order is vacated, and the case is remanded for clarification of the plaintiff's status.

*Judgment vacated and case remanded. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 15, 1982.

*Walter H. Burt,* for appellants.
*Ben B. Mills, Jr., G. Gerald Kunes,* for appellee.