67956. OMARK INDUSTRIES, INC. et al. v. ALEWINE.

BANKE, Judge.

Delmare Alewine filed this product liability action to recover for injuries he suffered as the result of an alleged defect in a hydraulic loading mechanism manufactured by the appellants. The loader was mounted on the rear chassis of a Ford truck and was powered by the truck's drive shaft. Alewine alleged in his complaint that as he was operating the loader, a hydraulic line leading to a pump located beneath the frame of the truck burst at a point less than 12 inches from the vehicle's exhaust pipe, allowing the hydraulic fluid to escape and to be ignited "either from contact with [the] exhaust pipe of said truck or from some other combustion . . ." Alewine contends that "because of the intense heat and flames traveling through the grating in the bed of said loader, [he] . . . was forced to jump from the loader . . ." and thereby to sustain serious injuries to his back. Alewine was operating the loader as an employee of Hercules, Inc., which owned both the loader and the truck.

The appellants were alleged to be liable for failing to provide adequate warnings of the danger of fire resulting from a rupture in the

hydraulic lines, failing to warn that the hydraulic lines should not be installed close to the exhaust system of the vehicle upon which it was mounted, failing to equip the loader with an appropriate barrier which would have prevented the hydraulic fluid from being sprayed on the exhaust system of the truck in the event of a rupture in the line, and failing to equip the loader with an appropriate shield or barrier for the protection of the operator in the event of such a fire.

This is an interlocutory appeal from the denial of the appellants' motion for summary judgment. In a previous interlocutory appeal from the denial of the same motion, we vacated the court's order due to indications in the record that Mr. Alewine was no longer living. See *Omark Indus. v. Alewine*, 164 Ga. App. 397 (298 SE2d 259) (1982). On remand, the trial court allowed Susan Alewine to be substituted as the party plaintiff in her capacity as administratrix of Mr. Alewine's estate, and the court then denied a renewed motion by the appellants for summary judgment. The appellants again applied to this court for an interlocutory appeal, and we again granted the petition.

In support of the motion for summary judgment, the appellants submitted the affidavit of an expert in their employ, who stated that the hydraulic fluid used in the units as manufactured would not ignite unless it came into contact with an open flame or spark after being heated to a temperature of 400 degrees F. He further stated that "[t]he hydraulic fluid in the system never gets over 200 [degrees Farenheit] during the use of subject unit." These statements were not controverted by the appellee.

The appellants did not install the loader on the truck, and they had no responsibility for maintaining the hydraulic lines, which required regular maintenance. Alewine's employer had purchased the machine about three years prior to the accident. At the time the accident occurred, the truck on which the loader was mounted did not have a tailpipe, thus causing its exhaust gases to be discharged directly underneath the vehicle rather than to its rear or to one side. Asked whether he would expect a loader to be designed "to compensate for somebody not having a tailpipe," Alewine's own expert replied, "No, you don't do that." *Held*:

Even assuming that the source of the fire was in fact the ignition of hydraulic fluid from a ruptured line, its cause cannot reasonably be attributed to any latent defect in the manufacture or design of the loader itself. In light of the undisputed facts of record, its cause must instead be attributed to the manner in which the equipment was installed and maintained.

"Whether a duty to warn exists . . . depends upon foreseeability of the use in question, the type of danger involved, and the foreseeability of the user's knowledge of the danger. See *Greenway v. Peabody Intl. Corp.*, 163 Ga. App. 698 (294 SE2d 541) (1982). Such

matters generally are not susceptible of summary adjudication and should be resolved by a trial in the ordinary manner. (Cit.)" *Giordano v. Ford Motor Co.*, 165 Ga. App. 644, 645-646 (299 SE2d 897) (1983). However, since the injury in this case clearly resulted from negligent installation or maintenance occurring after the product left the manufacturer rather than from a defect in the product itself, and since the product was sold to a commercial operator which may reasonably have been expected to be familiar with the dangers resulting from such misuse or neglect, we do not believe that the manufacturer's failure to warn of such dangers may be considered the proximate cause of the injury. To hold otherwise would be to place upon the manufacturer the impossible task of cataloging every conceivable way in which injury might result from the negligent operation or maintenance of a product. Accord *Union Carbide Corp. v. Holton*, 136 Ga. App. 726 (1) (222 SE2d 105) (1975); *Stovall & Co. v. Tate*, 124 Ga. App. 605 (184 SE2d 834) (1971). Indeed, the appellee has conceded in a supplemental brief filed with this court that "[t]he fact that the hydraulic hose would rupture, shooting oil on a muffler causing the truck to catch fire was . . . not a foreseeable event from the viewpoint of either [the] manufacturer or Mr. Alewine . . ." For these reasons, the denial of the appellants' motion for summary judgment is accordingly reversed.

*Judgment reversed. Benham, J., concurs. Pope, J., concurs specially.*

DECIDED MAY 15, 1984 —
REHEARING DENIED JUNE 15, 1984 — 

*Hilliard P. Burt*, for appellants.
*Ben B. Mills, Jr., G. Gerald Kunes*, for appellee.

POPE, Judge, concurring specially.

While I concur in the judgment of the majority, I do not agree that the statement quoted in part from appellee's supplemental brief is a point upon which to base this court's opinion. I decline to read the quoted statement as appellee's "concession" on the issue of foreseeability. Rather, in the context created by appellee's arguments by briefs and the pleadings, the statement is more correctly viewed as asserting that the *particular* and exact manner in which the fire began was not foreseen by the manufacturer or the injured party. Thus, I cannot agree with the majority's construction of appellee's statement as a reason for the judgment.