71301. YAEGER et al. v. STITH EQUIPMENT COMPANY et al.
(341 SE2d 492)

POPE, Judge.

Appellants John Yaeger and his wife Patricia brought this action for personal injuries and for loss of consortium against appellees Stith Equipment Company (Stith) and Reedrill, Inc. (Reedrill) as well as Canadair, Ltd. On July 30, 1980 John Yaeger, a light equipment operator for Georgia Power Company, had set a utility pole into a hole on the side of a hill in Cobb County. For the task he used an all-terrain vehicle composed of a Flextrac Nodwell Model FN-60 carrier upon which was mounted a Texoma 254 auger. The Flextrac was manufactured by appellee Reedrill. These two components were assembled into the one vehicle by appellee Stith. Yaeger had driven the vehicle down the hill which was covered with underbrush. After completing the setting of the pole, Yaeger began to drive the vehicle back up the hill to return it to its trailer. When he first started up the hill, as he let out the clutch, the vehicle "reared up." Yaeger then turned the vehicle at an angle and attempted to go back up the hill along the same tracks he had made coming down the hill. Shortly after beginning the climb, the vehicle lost traction and rolled over. Yaeger was thrown from the vehicle and seriously injured.

Appellants' product liability suit is founded upon both negligence

and strict liability. Appellants allege that the vehicle comprised of the combination of the Texoma 254 auger and the Flextrac carrier is dangerous and unsafe due to its design in that the center of gravity of the vehicle is too high and that the machine is therefore top-heavy and unsuitable for use on uneven terrain. They further contend that the vehicle is defective because neither Reedrill or Stith provided any warning of the danger of the vehicle rolling over. Each of the appellees defended on the basis that there was no defect in the design of the vehicle, and that the danger of roll-over on the slope upon which Yaeger operated the vehicle was patent and obvious, and that Yaeger had actual knowledge of the danger yet proceeded and thus assumed the risk of injury. Each of the appellees moved for, and was granted, summary judgment. *Held*:

"OCGA § 51-1-11 (b) (1) provides that '(t)he manufacturer of any personal property sold as new property directly or through a dealer or any other person shall be liable in tort, irrespective of privity, to any natural person who may use, consume, or reasonably be (a)ffected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained.' The term 'not merchantable and reasonably suited to the use intended' as used in this statute means 'defective.' *Center Chem. Co. v. Parzini*, 234 Ga. 868 (2), 869 (218 SE2d 580) (1975). . . . 'A product is not in a defective condition when it is safe for normal handling and consumption. If the injury results from abnormal handling . . . the seller is not liable. Where, however, he has reason to anticipate that danger may result from a particular use . . . he may be required to give adequate warning of the danger . . . and a product sold without such warning is in a defective condition. [Cits.] However, 'there is no duty resting upon a manufacturer or seller to warn of a product-connected danger which is obvious or generally known. . . . The same rule applies where it appears that the person using the product should know of the danger, or should in using the product discover the danger.' [Cits.] Whether a duty to warn exists thus depends upon foreseeability of the use in question, the type of danger involved, and the foreseeability of the user's knowledge of the danger. [Cit.] Such matters generally are not susceptible of summary adjudication and should be resolved by a trial in the ordinary manner. [Cit.]" (Indention omitted.) *Giordano v. Ford Motor Co.*, 165 Ga. App. 644, 645-646 (299 SE2d 897) (1983).

From the record before us, we cannot say that, as a matter of law, either of the appellees is entitled to judgment. Each of the appellees claims that the danger of rolling over while operating the vehicle on the slope is obvious and patent. Yet the vehicle is described as an all-terrain vehicle. Yaeger testified that he had operated bulldozers on

similar slopes before and had never experienced difficulty. Although appellees in briefs describe the hill upon which the accident occurred as "steep," there is no evidence of record regarding the slope other than Yaeger's guess that it was about 30°. There is no evidence regarding whether the vehicle was intended to be operated on hillsides such as this or not, other than the description of the vehicle as "all-terrain." "On motion for summary judgment the evidence is viewed in a light most favorable to the respondent, and the respondent is given the benefit of every doubt. [Cit.]" *Lorie v. Standard Oil Co.*, 175 Ga. App. 308 (333 SE2d 110) (1985). From the evidence of record, it cannot be said as a matter of law that the danger of the vehicle rolling over was obvious and patent.

Nor can we agree with appellees' contention that Yaeger had actual knowledge of the danger of roll-over. They point to Yaeger's testimony that as he started up the hill the vehicle "reared up" and that therefore he knew of the danger. However, this merely shows actual knowledge by Yaeger that a straight up assault of the hill would be unsafe. He had already traversed the hill safely once on the path which he then elected to take. Therefore, it cannot be said as a matter of summary adjudication that Yaeger proceeded to use the product with knowledge of the danger of roll-over. See *Coast Catamaran Corp. v. Mann*, 171 Ga. App. 844 (1) (321 SE2d 353) (1984).

Appellees' experts each averred that the vehicle was without a defect. The expert for the Yaegers averred that the vehicle was unsafe as designed and that both Reedrill and Stith were obligated by established and applicable engineering principles to warn of the danger of roll-over on uneven terrain. The record shows that Reedrill was aware that the Texoma 254 was to be mounted onto the Nodwell Flextrac. Neither of the appellees adduced any evidence that any warnings of any kind were provided to Georgia Power.

Stith argues that it is not a manufacturer and, thus, that OCGA § 51-1-11 (b) (1) does not apply to it. In *Pierce v. Liberty Furniture Co.*, 141 Ga. App. 175 (4) (233 SE2d 33) (1977), this court held that "an entity which assembles component parts and sells them as a single product under its trade name is a 'manufacturer' within the meaning of [the Code section]." Id. at 179. The record merely contains the appellants' allegations that Stith assembled and manufactured the vehicle. There is evidence that Stith made certain modifications to the components to meet the specifications of its customer, Georgia Power. There is no direct evidence that the assembled vehicle carried Stith's name. Taking all inferences in favor of appellants, we cannot say as a matter of law that Stith is not a manufacturer.

Thus, we find that the case as it now stands is not susceptible to summary adjudication.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 17, 1986.

*Frank E. Jenkins III, Norma W. Bergman*, for appellants.
*Hugh F. Newberry, Tommy T. Holland, Anthony J. McGinley, W. C. Brooks*, for appellees.