### 72707. TRAILMOBILE, INC. v. SMITH et al.
(351 SE2d 528)

BENHAM, Judge.

Appellees Phillip and Marsha Smith filed this products liability suit to recover for injuries and losses they sustained when Phillip slipped and fell while working atop a tanker-trailer manufactured by appellant Trailmobile, Inc. When the trial court denied its motion for summary judgment, appellant sought and was granted interlocutory review of the trial court's action.

At the time of his injury, Phillip Smith was employed as a tanker-trailer driver for a firm which manufactured a liquid solvent. After the solvent was pumped into his tanker-trailer, it was appellant's duty to secure the four dome lids on top of the trailer by climbing the ladder affixed to the tanker and proceeding along a catwalk atop the trailer to each dome lid. As he was moving from the second to the third lid, Smith slipped on solvent on the catwalk, lost his balance, and fell on his right knee, injuring it and his hip.

1. In their amended complaint, appellees alleged that the tanker-trailer was defectively designed in that it had no guardrails atop it; it had no individual ladders providing direct access to each dome lid; it had no semi-convex curvature at the apex of the single ladder leading to the top of the tanker-trailer; and its design failed to eliminate the need for the operator to leave ground level in order to use the tanker-trailer. In opposition to appellant's motion for summary judgment,

appellees submitted the affidavit of an expert witness who opined that the tanker-trailer was defectively designed, and cited the aforementioned alleged deficiencies. However, an expert opinion that a product is defectively designed, in and of itself, does not require the denial of summary judgment to the manufacturer. See, e.g., *Stodghill v. Fiat-Allis &c. Machinery*, 163 Ga. App. 811 (295 SE2d 183) (1982). Instead, "[i]f a manufacturer does everything necessary to make the machine function properly for the purpose for which it was designed, if the machine is without any latent defect, and if its functioning creates no danger or peril *that is not known to the user*, then the manufacturer has satisfied the law's demands. We have not yet reached the state where a manufacturer is under the duty of making a machine accident proof or foolproof." Id. at 813-814. (Emphasis supplied.) Since the defects alleged in this case created no *hidden* peril and did not prevent the tanker-trailer from functioning properly for the purpose it was designed, it cannot be considered a design defect. Id.

There is no question that Smith was aware of the peril of being atop the tanker-trailer. In his deposition, Smith testified he had been driving this particular tanker-trailer for approximately three years, during which time he had made roughly 300 trips. Over this period of time, he had observed his fellow employees loading his tanker-trailer with solvent and was aware that solvent was spilled occasionally. He admitted that when he climbed atop the trailer the morning he was injured, he was "aware there was a good possibility there was spilled solvent on the top." In fact, prior to the date of his injury, he had slipped on solvent while on the tanker-trailer's catwalk. Compare *Coast Catamaran Corp. v. Mann*, 171 Ga. App. 844 (1) (321 SE2d 353) (1984). Since the defects from which appellant's product suffered were not latent defects and the user knew the peril in which he placed himself, appellant was entitled to summary judgment. *Stodghill v. Fiat-Allis &c. Machinery*, supra.

2. Inasmuch as the tanker-trailer did not suffer an actionable design or manufacturing defect, we need not consider whether regulations promulgated by the Occupational Health & Safety Administration are admissible in evidence in an effort to show a design defect.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 4, 1986.

*A. Terry Sorrells, Christopher N. Shuman,* for appellant.
*David Paul Smith, B. Randall Blackwood,* for appellees.