73334. BUTLER v. T. C. BRITTAIN COMPANY.
(353 SE2d 589)

MCMURRAY, Presiding Judge.

The plaintiff in this tort action against multiple defendants alleges that he was injured while working beneath high voltage electrical lines when an electrical arcing occurred between the power line and a concrete conveyor unit, the controls of which plaintiff was holding at that time. This appeal arises from the grant of summary judgment in favor of one of the defendants, T. C. Brittain Company (Brittain).

Plaintiff alleges that he delivered concrete to defendant Brittain, a contractor. After delivering concrete plaintiff asked where he could clean the machinery and was directed to the location of the incident by an agent of defendant Brittain, who failed to warn plaintiff of the dangers inherent in such activity. *Held*:

In its order granting defendant Brittain's motion for summary judgment, the trial court assumes that a duty was owed by defendant Brittain to warn plaintiff of latent dangers on the property but concludes that this duty "did not extend to warning Plaintiff about the existence of the power lines and the danger of allowing his truck and equipment to come into contact with them . . . The reason that there was no duty to warn of any such hazard is that its existence was, or should have been, manifestly apparent to the Plaintiff, thus rendering a warning superfluous."

However, "there is [no evidence] to indicate that the plaintiff was aware that the wires were not insulated, or that they were of high voltage, or could apprehend for any other reason, that, if [the machinery] which he employed in his work should come in contact with them, he would be injured. It is a matter of common knowledge that a great many wires used, for instance, in telephonic communication are not charged with electric current of such voltage as would inflict injury upon a person in like circumstances. Merely seeing the wires strung over the property would not put the plaintiff on notice of a dangerous condition." *Lamar Elec. Membership Corp. v. Carroll*, 89 Ga. App. 440, 453-454 (2) (79 SE2d 832). Consequently, the trial court

erred in predicating its decision upon the supposition that the hazard posed by the power line should have been manifestly apparent to plaintiff.

As there is no evidence that the plaintiff had some actual knowledge of the danger or understood and appreciated the risk therefrom, we cannot say that as a matter of law in the exercise of ordinary care he should have avoided the injury to himself. See *Bell v. Abercorn Toyota*, 175 Ga. App. 668 (333 SE2d 880); *Woolbright v. Six Flags Over Ga.*, 172 Ga. App. 41, 42 (1) (321 SE2d 787). The trial court erred in granting summary judgment in favor of defendant Brittain.

*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED JANUARY 29, 1987 —
REHEARING DENIED FEBRUARY 13, 1987 — 

*Ronald A. Lowry*, for appellant.
*W. E. Zachary, Sr.*, for appellee.