74497. GAYLOR v. JAY & GENE'S CHRYSLER-PLYMOUTH-DODGE, INC.

(358 SE2d 655)

BANKE, Presiding Judge.

The appellant, John C. Gaylor, sued the appellee, Jay & Gene's Chrysler-Plymouth-Dodge, Inc., to recover in tort for personal injuries he allegedly suffered at the hands of the appellee's used car sales manager, Wayne Hamm. The appellant contends that while he was working under Hamm's immediate supervision as a car salesman in the appellee's employ, Hamm asked him if he had ever finger wrestled before and then, despite his protestations that he did not want to finger wrestle, grabbed one of his hands, locked fingers with him, and twisted and broke one of his knuckles. Although Hamm was named as a defendant below, he is not a party to the present appeal.

The appellee raised several defenses to the appellant's claim, among them that it fell within the exclusive province of the Workers' Compensation Act and therefore was not actionable in tort. See generally OCGA § 34-9-11. The appellant thereupon filed a workers' compensation claim, which was ultimately denied by the board for the stated reason that "claimant was injured by the willful act of the third person directed against him in a form of play and it was not a part of claimant's employment, and it did not advance [the employer's] business in any fashion whatsoever."[1] The appellee then

---

[1] Subsequent to that decision, the appellee's general liability insurer filed a declaratory

moved for and was granted summary judgment in the present action on the ground that Hamm's alleged misconduct could not, under these circumstances, be imputed to the appellee under the doctrine of respondeat superior. This appeal followed. *Held*:

Although Hamm testified that the appellant's involvement in the finger-wrestling contest was voluntary and consensual, we are, for purposes of this appeal, bound by the appellant's testimony to the contrary. "On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden. . . ." *Ham v. Ham*, 230 Ga. 43, 45 (195 SE2d 429) (1973).

Similarly, the affidavits submitted by the appellee to establish that "horseplay" in general and finger wrestling in particular were not within the scope of Hamm's duties as the used car manager create, at most, a material factual conflict on that issue. In his deposition, Hamm testified that although such "horseplay" among the employees was not a "normal, . . . everyday occurrence," it did happen with some degree of regularity, "maybe once a week or maybe once every two months." More importantly, in response to questioning on the issue of whether such conduct was forbidden by his superiors, he testified as follows: "You know, being a manager, I was the used car sales manager at the time, you know, you are trying to keep a rapport with your sales people and you have to keep them sort of motivated and pumped up and sometimes that entails joking with them a little bit or keeping them pumped up and, you know, you play around with them a little bit to get some common ground to get the guy to feel good and you joke around with them a little bit. It's just part of doing business, you know."

We find this testimony amply sufficient to create a material factual conflict on the issue of whether Hamm's alleged misconduct occurred within the scope of his employment and in furtherance of the appellee's business. See generally OCGA § 51-2-2. The fact that the alleged tort was intentional rather than negligent does not, in and of itself, preclude the doctrine of respondeat superior from being considered applicable. "The master is liable for the willful torts of his servant acting in the prosecution and within the scope of the master's business, and this is true even though the servant, at the time of the

---

judgment action against the appellee and its workers' compensation insurer, seeking to be relieved of the responsibility of defending the present action. The lower court ruled against the liability insurer in that action, and that ruling was recently upheld by this court on appeal. See *Universal Underwriters Ins. Co. v. Georgia Auto. Dealers' &c. Fund*, 182 Ga. App. 595 (356 SE2d 686).

commission of such tort may evidence anger, malice, or ill will." *Frazier v. Southern R. Co.*, 200 Ga. 590 (2) (37 SE2d 774) (1946). Accord *Ledman v. Calvert Iron Works*, 92 Ga. App. 733 (89 SE2d 832) (1955). Nor does the "fellow-employee" doctrine operate, as a matter of law to insulate the appellee from liability, since it may reasonably be inferred from Hamm's testimony that he believed that engaging in occasional horseplay with the employees to keep them "pumped up" constituted a part of his supervisory responsibilities. Under such circumstances, a jury might reasonably conclude that he was acting as a "vice-principal" rather than a fellow servant. Accord *Wiley v. Ga. Power Co.*, 134 Ga. App. 187 (2) (213 SE2d 550) (1975), overruled on other grounds in *Georgia Power Co. v. Busbin*, 242 Ga. 612, 615 (250 Ga. 442) (1978). See generally OCGA § 34-7-21; *Maxwell v. Harrell*, 115 Ga. App. 97 (1) (153 SE2d 653) (1967).

Finally, we must reject the appellee's apparent contention that if Hamm was acting within the scope of his employment when the injury occurred then the injury must be deemed to have occurred out of and in the course of the appellant's employment, with the result that workers' compensation is his exclusive remedy. It is conceivable, at least, that a jury could conclude that although Hamm was acting in the performance of what he perceived to be *his* employment duties at the time the injury occurred, the appellant was not engaged in any work-related activity. Furthermore, it strikes this court that, having successfully opposed the appellant's application for workers' compensation benefits on the ground that his injuries were not compensable under the Act, the appellee is not now in a position to assert as a defense to the present claim that workers' compensation is the appellant's exclusive remedy.

*Judgment reversed. Carley and Benham, JJ., concur.*

DECIDED JUNE 8, 1987.

*Douglas L. Breault*, for appellant.
*Joseph L. Waldrep, J. Madden Hatcher, Jr.*, for appellee.