75208. YAEGER et al. v. STITH EQUIPMENT COMPANY.
(364 SE2d 48)

BANKE, Presiding Judge.

The appellants, John and Patricia Yaeger, filed a products liability suit against Reedrill, Inc., Canadair, Ltd., and Stith Equipment Company (the appellee herein) seeking to recover for personal injuries and loss of consortium which they allegedly suffered as the result of the defective design, manufacture, and assembly of a "Flextrac" all-

terrain vehicle onto which the appellee had installed a "Texcoma" 254 auger before delivering it to Mr. Yaeger's employer. The complaint was predicated on negligence as well as strict liability. This is the second appearance of the case before this court. In *Yaeger v. Stith Equip. Co.*, 177 Ga. App. 835 (341 SE2d 492) (1986), we reversed a grant of summary judgment in favor of the appellee, holding that the evidence of record did not preclude a finding that the appellee was a "manufacturer" within the contemplation of OCGA § 51-1-11 (b) (1), and further holding that the alleged instability of the vehicle with the auger attached could not be considered an obvious and patent danger as a matter of law. Upon return of the case to the trial court, the appellee filed a second motion for summary judgment, based on the existing evidence of record and also on additional affidavits dealing with the issue of whether it had performed the role of a "manufacturer" within the contemplation of the statute. The trial court again granted summary judgment to the appellee based on these affidavits, and the appellants again appeal. *Held*:

"In *Pierce v. Liberty Furn. Co.*, 141 Ga. App. 175 (4) (233 SE2d 33) (1977), this court held that 'an entity which assembles component parts and sells them as a single product under its trade name is a "manufacturer" within the meaning of [the Code section].' Id. at 179." *Yaeger v. Stith Equip. Co.*, supra, 177 Ga. App. at 837. The additional affidavits submitted by the appellee establish without dispute that it did not sell either the Flextrac or the auger under its own trade name. Based on this additional evidence, the trial court correctly determined as a matter of law that the appellee was not a "manufacturer" of the equipment within the meaning of OCGA § 51-1-11 (b) (1) and thus could not be held strictly liable for the performance. However, it does not follow that no material issue of fact remains to be tried in the case.

An examination of the record reflects that no additional evidence has been submitted by the appellee on the issue of whether its failure to warn of the vehicle's enhanced rollover potential with the auger attached would support a recovery based on negligence. Our prior ruling in this case eliminated neither the negligence claim nor the strict liability claim. Pursuant to OCGA § 9-11-60 (h), "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." Questions as to the " 'effect of evidence adjudicated by this court are binding . . . in the court below, *unless* additional . . . evidence prevail[s] to change such adjudication.' [Cits.]" *Modern Roofing &c. Works v. Owen*, 174 Ga. App. 875 (332 SE2d 14) (1985). Thus, the prior decision of this court holding, in essence, that summary judgment was not authorized with respect to the negligence claim is still controlling. Ac-

cord *Bradley v. Tattnall Bank*, 170 Ga. App. 821 (1) (318 SE2d 657) (1984).

The present grant of summary judgment to the appellee is accordingly affirmed with respect to the strict liability issue but reversed with respect to the negligence issue.

*Judgment affirmed in part and reversed in part. Carley and Benham, JJ., concur.*

DECIDED NOVEMBER 5, 1987 —
REHEARING DENIED DECEMBER 15, 1987 — 

*Frank E. Jenkins III, William L. Kidd, Ruth A. Zaleon*, for appellants.

*Hugh F. Newberry*, for appellee.