76598. YAEGER et al. v. CANADAIR, LTD.
(375 SE2d 469)

SOGNIER, Judge.

John and Patricia Yaeger filed a products liability suit based on negligence and strict liability against Canadair, Ltd. and others seeking damages for personal injury and loss of consortium allegedly resulting when a "Flextrac" all-terrain vehicle manufactured by Canadair, Ltd., and equipped with another manufacturer's "Texoma" auger, rolled over while John Yaeger, who was operating the equipment, was inside. In their complaint, the Yaegers alleged, inter alia, that the Flextrac was "not merchantable or reasonably suited for the use intended, and was defectively designed, manufactured, assembled, equipped and modified." The Yaegers appeal from the trial court's grant of summary judgment in favor of Canadair, Ltd.

The facts of this case are more fully set forth in *Yaeger v. Stith Equip. Co.*, 177 Ga. App. 835 (341 SE2d 492) (1986) and *Yaeger v. Stith Equip. Co.*, 185 Ga. App. 315 (364 SE2d 48) (1987). In this appeal, appellants contend the trial court erred by granting appellee's motion for summary judgment in that the motion was based on opinion evidence proffered by appellee's experts that the Flextrac vehicle was not defective or dangerous. We agree with appellants that the holding in *Pepper v. Selig Chem. Indus.*, 161 Ga. App. 548, 549 (1) (288 SE2d 693) (1982) is controlling here in that "this is not the type of case in which an expert's opinion introduced by the movant will authorize the grant of summary judgment. [Cits.]" Id. Since appellants need not necessarily produce an expert's opinion in order to prevail at trial, the language cited by appellee in *Howard v. Walker*, 242 Ga. 406, 408 (249 SE2d 45) (1978) is not applicable here. See *Holley v. Smallwood*, 174 Ga. App. 365, 366-367 (330 SE2d 136) (1985) (dissenting opinion). Nor do we find applicable appellee's citations to *Trailmobile, Inc. v. Smith*, 181 Ga. App. 134 (351 SE2d 528) (1986) or *Stodghill v. Fiat-Allis &c. Machinery*, 163 Ga. App. 811 (295 SE2d

183) (1982). In both *Trailmobile* and *Stodghill,* it was held that the plaintiffs' assumption of the risk of obvious defects in the product entitled the manufacturers to summary judgment despite the introduction of expert testimony by the plaintiffs that the products were negligently designed. It was due to the application of the doctrine of assumption of the risk that the patent defect in the products did not give rise to "an *actionable* design or manufacturing defect." (Emphasis supplied.) *Trailmobile,* supra at 135 (2). These cases are thus inapposite to the case sub judice in which there was no evidence that appellant John Yaeger was cognizant of the risk he was assuming by operating the Flextrac vehicle.

Appellee also asserts that it cannot be held liable because appellants' cause of action does not arise out of the condition of appellee's all-terrain vehicle as it was sold but instead arises exclusively out of the defective design of the vehicle *as modified by* the addition of the Texoma auger. Thus, appellee asserts that it is entitled to summary judgment both as to negligence and as to strict liability in that no question of fact exists as to proximate cause, a necessary element under either theory of recovery. See *Center Chem. Co. v. Parzini,* 234 Ga. 868 (218 SE2d 580) (1975). First, since the affidavit of appellee's expert cannot serve to pierce appellants' assertion that the Flextrac vehicle was negligently designed and/or manufactured, *Pepper,* supra, and construing the evidence as we must in favor of appellants as respondents, *Daniel v. Bank South Corp.,* 183 Ga. App. 274, 277 (358 SE2d 664) (1987), it cannot be said as a matter of law that the alleged defective condition of the Flextrac *when sold* was not the exclusive cause for the vehicle rolling over, whether modified by the auger or not. Second, even assuming, arguendo, that appellee has correctly characterized appellants' cause of action, the modification of the Flextrac by the addition of the auger can serve as an intervening act absolving appellee from liability only if the independent, intervening act "was not foreseeable by [appellee], was not triggered by [appellee's] act, and . . . was sufficient of itself to cause the injury. [Cit.]" *Union Carbide v. Holton,* 136 Ga. App. 726, 729 (222 SE2d 105) (1975). Under the evidence adduced in the record we cannot say no questions of fact exist regarding the proximate cause of appellant John Yaeger's injuries. Although appellee asserts the holding in *Omark Indus. v. Alewine,* 171 Ga. App. 207 (319 SE2d 24) (1984) is controlling here, that case involved an accident which the plaintiff therein conceded was not foreseeable by the manufacturer, id. at 209, and is thus inapplicable here.

" 'On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party

would have the trial burden . . . . [Cit.]" *Gaylor v. Jay &c. Chrysler-Plymouth-Dodge*, 183 Ga. App. 255, 256 (358 SE2d 655) (1987). Accordingly, the trial court erred by granting summary judgment in favor of appellee. See generally *Butler v. T. C. Brittain Co.*, 181 Ga. App. 774, 775 (353 SE2d 589) (1987).

*Judgment reversed. Deen, P. J., and Carley, J., concur specially.*

CARLEY, Judge, concurring specially.

I concur in the judgment of the majority reversing the grant of summary judgment because I believe that the facts of this case bring it within the rationale of *Thebaut v. McCloskey Varnish Co.*, 162 Ga. App. 651 (291 SE2d 398) (1982). Compare *Talley v. City Tank Corp.*, 158 Ga. App. 130 (279 SE2d 264) (1981).

I am authorized to state that Presiding Judge Deen joins in this special concurrence.

DECIDED OCTOBER 19, 1988 —
REHEARING DENIED NOVEMBER 9, 1988 —

Jenkins, Bergman & Darroch, Frank E. Jenkins III, Jeffrey W. Frazier, for appellants.

Henning, Chambers & Mabry, W. C. Brooks, James T. Budd, for appellee.