A00A2330. McCARLEY et al. v. McCARLEY.
A00A2331. JOHNSON v. McCARLEY.
(539 SE2d 871)

PHIPPS, Judge.

In her capacity as executrix of Earl McCarley's estate, his second wife sought to probate his will. Three of McCarley's natural children by his first marriage filed a caveat, which the probate court denied. The children appealed to superior court. In successive order, the appeal was dismissed, the executrix died, and the successor co-executors named in the will filed an OCGA § 9-15-14 motion for an award of attorney fees and litigation expenses against the caveators and their attorney, Johnson.

The caveators and counsel moved to dismiss the motion because the co-executors had never been substituted as parties in this litigation. The superior court denied the motion to dismiss on the ground that there was a substitution of the parties by operation of law. After the court entered an order awarding fees and expenses against the caveators and their attorney, applications for discretionary appeal were filed and granted. Case No. A00A2330 is the caveators' appeal. Case No. A00A2331 is the attorney's appeal. We conclude that the

---

superior court erred in denying appellants' motion to dismiss and, therefore, reverse.

With certain exceptions not applicable here, an estate is not a legal entity which can be a party to legal proceedings.[1] An action by or against an estate must be brought or defended by the legal representative of the estate.[2] Where the estate's representative dies during the pendency of the litigation, the successor representative must be substituted as a party.[3] Substitution of parties does not occur by operation of law but must be effected under OCGA § 9-11-25, which requires notice to the parties and a hearing.[4] A hearing is required because there may be issues concerning whether the claim has survived or whether the person or persons claiming to be legal representatives actually occupy such status. But even where there is no confusion as to such issues, substitution still is required.[5] Until the substitution is made, the proceedings are void as to the deceased party.[6] For these reasons, the motions to dismiss should have been granted.

*Judgment reversed in both cases. Johnson, C. J., and Smith, P. J., concur.*

DECIDED SEPTEMBER 27, 2000.

*John D. Rasnick*, for appellants (case no. A00A2330).
*Donald W. Johnson*, pro se (case no. A00A2331).
*Willis, McKenzie & Long, Charles J. Willis*, for appellee.

---

[1] *Orange County Trust Co. v. Estate of Abe Takowsky*, 119 Ga. App. 366 (1) (166 SE2d 913) (1969); see *Estate of Alberta Norton v. Hinds*, 182 Ga. App. 35 (354 SE2d 663) (1987).

[2] *Takowsky*, supra; *Norton*, supra.

[3] See *Stephenson v. Ingram*, 239 Ga. App. 892 (522 SE2d 500) (1999).

[4] *Northside Corp. v. Mosby*, 214 Ga. App. 806 (449 SE2d 6) (1994).

[5] See *Stephenson*, supra.

[6] *Omark Indus. v. Alewine*, 164 Ga. App. 397 (298 SE2d 259) (1982).