A03A1075. WILLIAMS v. CITY OF ATLANTA et al.
(587 SE2d 261)

Barnes, Judge.

This appeal concerns the denial of a motion to substitute the plaintiff in an action brought by Felton Williams against the City of Atlanta, Willie D. Jackson, M. A. C. Wadley, David K. Entrekin, Robert M. Harrington, Beverly Harvard, and H. R. Dunovant. All of the individual defendants, except Harvard, were sued in their individual and official capacities as police officers of the City of Atlanta; Harvard was sued in her official capacity only.

After Felton Williams died on November 28, 1999, his sister and administrator of his estate moved under OCGA § 9-11-25 (a) (1)[1] on April 12, 2000, to be substituted as the plaintiff in the action. Even though no party opposed the motion, the trial court denied the motion on August 14, 2000. The order states:

> The above-styled action having come before the Honorable Court on Allene Williams Jenkins' MOTION TO SUBSTITUTE PLAINTIFF and the Court having considered the same, the Court finds that Movant's counsel failed to certify that he served a copy of said Motion upon all counsel in the instant action.[2] THEREFORE, IT IS HEREBY ORDERED that Allene Williams Jenkins' Motion to Substitute Plaintiff is DENIED.

---

[1] If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representative of the deceased party and, together with the notice of the hearing, shall be served on the parties as provided in Code Section 9-11-5 and upon persons not parties in the manner provided in Code Section 9-11-4 for the service of a summons. Unless the motion for substitution is made not later than 180 days after the death is suggested upon the record by service of a statement of the fact of the death, the action shall be dismissed as to the deceased party.

[2] Although a certificate of service was attached to the motion, apparently the certificate was not signed.

Subsequently, after re-serving all defendants with copies of the motion to substitute plaintiff, the plaintiff filed a motion for reconsideration and an amended motion to substitute on August 28, 2000. The amended motion stated that all parties had again been served with copies of the motion. The trial court took no action on these motions until July 8, 2002, when the court denied the motion for reconsideration.

As defendant Harrington has moved to dismiss the appeal, our first consideration is whether we have jurisdiction over this appeal. *Atlantic-Canadian Corp. v. Hammer, Siler &c. Assoc.*, 167 Ga. App. 257 (1) (306 SE2d 22) (1983). The notice of appeal asserts that an order under OCGA § 9-11-25 (a) (1) is in effect a final order. We disagree.

The trial court's order merely denied the motion to substitute; it did not dismiss the complaint. "OCGA § 9-11-25 (a) (1) provides for the dismissal of an action against a deceased party if a proper party is not substituted for the deceased within 180 days following the time the death is suggested upon the record by service of a statement of a fact of the death." *Stephenson v. Ingram*, 239 Ga. App. 892, 893 (522 SE2d 500) (1999). The Code section does not mandate dismissal of the action upon the denial of the motion, and the section is not self-executing.

> If there is no motion for substitution made within the [180-] day period, the action may be dismissed. Dismissal is not mandatory, despite the use of the word "shall" in the amended rule, even under these circumstances. [Cit.] Therefore, dismissal is not automatic. Any dismissal which is not automatic but which may be obtained, necessarily requires, to effect a dismissal, the entry of an order of dismissal.

(Punctuation omitted.) *Jernigan v. Collier*, 131 Ga. App. 162, 163-164 (205 SE2d 450) (1974). Accord *Jernigan v. Collier*, 234 Ga. 837, 840 (2) (218 SE2d 556) (1975) ("We conclude that [OCGA § 9-11-25 (a) (1)] provides that dismissal thereunder shall be effectuated by court order and that such order is discretionary with the court after 180 days upon a showing of excusable neglect."). Therefore, as no order dismissing the case is in the record, the case remains pending below, and the record reveals that numerous other issues, for example, motions for summary judgment filed by the defendants, await resolution.

Thus, the trial court's order denying substitution of the plaintiff is not a final appealable order under OCGA § 5-6-34 (a) (1) or § 9-11-54 (a) because it leaves issues remaining to be resolved, it clearly does not constitute the trial court's final ruling on the merits of the

action, and the parties have further recourse in the trial court. Compare *R. J. Reynolds Tobacco Co. v. Fischer*, 207 Ga. App. 292, 293 (1) (427 SE2d 810) (1993). Further, the order contains no certification under OCGA § 9-11-54 (b) and the appeal was not brought under the interlocutory procedures in OCGA § 5-6-34 (b). Therefore, the appeal is premature and must be dismissed. See *Pettus v. Drs. Paylay, Frank & Brown, P.C.*, 193 Ga. App. 335, 336 (387 SE2d 613) (1989).

*Appeal dismissed. Andrews, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 9, 2003.

*J. M. Raffauf*, for appellant.

*Hollberg & Weaver, George M. Weaver, Larry D. Wolfe, Lisa S. Morchower*, for appellees.

