# Court of Appeals
# of the State of Georgia

ATLANTA,  November 03, 2023

*The Court of Appeals hereby passes the following order:*

## A23A0567.  GAIL BROWN et. al. v. FREDERICK URVANT.

For the reasons explained more fully below, this direct appeal is DISMISSED for lack of jurisdiction.

This case was docketed in this Court upon a notice of appeal from a "Final Order" entered by the superior court on August 31, 2022.  Appellee Frederick Urvant has since filed (on March 7, 2023) in this Court, pursuant to Court of Appeals Rule 43 (a),[1] a Notice of Death stating that Gail Brown – who was a respondent to the quiet title petition filed below; who later filed, among other things, a (joint) cross-claim and a (joint) motion for attorney fees; and who, upon entry of the Final Order, was expressly named as one of the two appellants in the underlying notice of appeal – died on July 21, 2022 (before entry of the Final Order).

It is well settled that "[t]he death of a party to a pending action *automatically* suspends the action as to that party until someone is substituted for him; and, until such substitution occurs, further proceedings in the case are void as to that party." (Emphasis supplied.)  *Omark Indus. v. Alewine*, 164 Ga. App. 397, 397 (298 SE2d 259) (1982).  As has been instructed, "[a] deceased person cannot be a party to legal proceedings. . . .  Until someone is properly substituted as a party after the action is thus suspended, further proceedings in the case are *void* as to the decedent." (Citations and punctuation omitted; emphasis supplied.)  *South DeKalb Family*

---

[1] Court of Appeals Rule 43 (a) (providing that "[e]ither party in a pending appeal may provide notice to the Court of the death of a party to the appeal").

1

*Branch of the Young Men's Christian Assoc. of Metropolitan Atlanta*, 236 Ga. 903, 905 (225 SE2d 890) (1976); see also *Clark v. Masters*, 297 Ga. App. 794, 794-795 (2) (678 SE2d 538) (2009) ("admoni[shing] that all proceedings occurring in the trial court subsequently to the death of [a party] are as to him . . . void," where no substitution of party was made prior to the judgment contested on appeal); *Asburn Bank v. Gorday*, 189 Ga. App. 565 (377 SE2d 30) (1988) ("admoni[shing] that the proceedings occurring in the trial court after [the party's] death are, as to her, void") (citation and punctuation omitted).

Hence, under the precedents cited above, the Final Order is void as to Gail Brown. Yet, the underlying notice of appeal posits, "The Court of Appeals has jurisdiction at this time pursuant to OCGA §5-6-34 (a) (1)." Such provision authorizes appeals, however, from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." Where, as here, "a case involv[es] multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015).

Because jurisdiction in this Court thus failed to perfect, this appeal is hereby DISMISSED.[2]

---

[2] Given the foregoing, the motion filed by Julianne Glisson – to dismiss this appeal on other grounds, or in the alternative, to stay this appeal to allow her to obtain a copy of the record – is DISMISSED AS MOOT.

Additionally, the motion filed in this Court on September 7, 2023 is hereby DISMISSED. That motion, styled "Appellant's Motion for Substitution of a Party," seeks to "drop [the deceased] Gail Laverne Brown as an Appellant, and replace her with" a purported "entity that purchased her interest in the subject land involved in this action." The motion includes citation to neither the record nor any authority. Cf. Court's Rule 43 (c) (d) (designating as potential substitutes during the pendency of an appeal a "legal representative of a deceased party" or "temporary administrator"). Furthermore, said motion may be pursued in the trial court. See OCGA § 9-11-25 (a), (c) (setting out trial court procedures encompassing when "[a] party dies and the claim is not thereby extinguished," procedures where "the right sought to be enforced



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,___11/03/2023_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

___*Stephen E. Castlen*_____ , *Clerk.*

survives only to the surviving plaintiffs," and procedures "[i]n case of any transfer of interest"); *Nationsbank, N.A. (South) v. Peavy*, 227 Ga. App. 137, 137-138 (488 SE2d 699) (1997) (recounting that the case was remanded so that the entity *requesting* to be recognized as appellant could "seek an order of the state court pursuant to OCGA § 9-11-25 (c)," where the appellate record "did not show any assignment of interest from [the party below, which filed the notice of appeal]," and where there was no "indication that [such purported] successor in interest" had been "a party to the action" below); *Omark Indus*., 164 Ga. App. at 397 (directing the trial court to clarify the plaintiff's status on remand, where "[i]t appearing that the plaintiff was not living at the time the motion for summary judgment was ruled on") (citing OCGA § 81A-125 (a), predecessor of OCGA § 9-11-25 (a)).  And see *McCarley v. McCarley*, 246 Ga. App. 171, 172 (539 SE2d 871) (2000) (noting OCGA § 9-11-25's requirement for notice to the parties and a hearing, and explaining that "[a] hearing is required because there may be issues concerning whether the claim has survived or whether the person or persons claiming to be legal representatives actually occupy such status").  And see further *Williams v. City of Atlanta*, 263 Ga. App. 113, 114 (587 SE2d 261) (2003) (explaining that OCGA § 9-11-25 (a) (1) provides for the dismissal of an action against a deceased party, where no motion for substitution is made within the 180-day statutory period; explaining further that such dismissal is not mandatory and that the trial court retains discretion to grant such a motion upon a showing of excusable neglect), citing *Jernigan v. Collier*, 234 Ga. 837, 840 (2) (218 SE2d 556) (1974) (holding that OCGA § 9-11-25 (1) (1)'s predecessor "provides that dismissal thereunder shall be effectuated by court order and that such order is discretionary with the court after 180 days upon a showing of excusable neglect").

3