# Court of Appeals
# of the State of Georgia

ATLANTA, __April 12, 2024__

*The Court of Appeals hereby passes the following order:*

## A24A0748. BLAZYS et al. v. MCKNIGHT.

In this auto accident case, plaintiffs Joseph Blazys and Romaine Blazys submitted offers of settlement to Allstate Insurance Company, their uninsured/underinsured motorist carrier, pursuant to OCGA § 9-11-68. In January 2023, after the jury verdict exceeded the threshold for fees to be awarded pursuant to the statute, plaintiffs filed a motion seeking attorney fees and expenses of litigation. The trial court denied plaintiffs' motion in November 2023, and plaintiffs filed a notice of appeal from the trial court's order. For the reasons set forth below, however, this appeal is dismissed without prejudice.

Romaine Blazys died in February 2023, and consequently, the action was suspended as to him upon his death. See *Roberts v. JP Morgan Chase Bank, Nat. Assn.*, 362 Ga. App. 375, 376 (868 SE2d 491) (2022) ("[O]n the death of a party, the action is suspended[,] and the suspension has the same temporary effect on the rights of the parties as though the suit actually abated. The action remains in abeyance and cannot proceed until someone is substituted for the decedent.") (citation and punctuation omitted). "Until someone is properly substituted as a party after the action is thus suspended, further proceedings in the case are void as to the decedent." *South DeKalb Family Branch of YMCA, Inc. v. Frazier*, 236 Ga. 903, 905 (225 SE2d 890) (1976). Thus, the order on appeal was a nullity as to the decedent. *Frazier*, 236 Ga. at 906. OCGA § 9-2-41 provides that upon the death of a plaintiff in a personal injury action, the cause of action shall survive to the personal representative of the deceased, in this case, Joseph Blazys. But Joseph Blazys has not yet been substituted as a party, as the

decedent's personal representative, which renders the order nonfinal.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Such a ruling may be appealed only if the trial court makes an express determination that there is no just reason for delay and an express direction for the entry of judgment under OCGA § 9-11-54 (b) or the party seeking to appeal complies with the interlocutory appeal requirements of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review. See id. Consequently, the order on appeal is interlocutory and therefore is not directly appealable at this juncture.

The Georgia Constitution requires the appellate courts to dispose of every case by the end of the next term after a case is docketed for hearing. Ga. Const. of 1983, Art. VI, Sec. IX, Par. II. Because of this constitutional requirement, this Court cannot suspend pending matters indefinitely. Accordingly, we remand this case to the trial court, directing it to vacate its order as to Romaine Blazys, and upon the filing of a substitution of parties in accordance with OCGA § 9-11-25 (a) (1) and the entry of final judgment, the parties are entitled to a second appeal.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  04/12/2024
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*